UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **HENRY G. PORTERFIELD** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05cv937-B |
| | ) | |
| **FLOWERS BAKING CO. OF OPELIKA, LLC.** | ) | |
| | ) | Lower Court Case: |
| Defendant. | ) | CV-05-2171 in the Circuit Court |
| | ) | of Montgomery County, Alabama |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Flowers Baking Co. of Opelika, LLC ("Flowers Baking") removes this action which was filed in the Circuit Court of Montgomery County, CV-05-2171, to the United States District Court for the Middle District of Alabama, Northern Division, which is the federal judicial district in which the action is pending. As discussed below, removal of this action is proper because this court would have original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332, had the action originally been brought in this Court. The grounds for removal are as follows:

1. On August 23, 2005, Plaintiff filed his Complaint in the Circuit Court of Montgomery County, Alabama, styled *Henry G. Porterfield v. Flowers Baking Company of Opelika, L.L.C.*, Civil Action No. CV-05-2171, a copy of which is attached along with the Summons and marked "Attachment 1."

2. The Summons and Complaint in the Montgomery County action were served on Flowers Baking on September 2, 2005, by serving the papers with Corporate Service Company ("CSC") (Attachment 1).

3. As required by 28 U.S.C. § 1446 (b), this Notice of Removal is being filed within 30 days of service of the initial pleading setting forth the claim for relief.

4. Plaintiff's Complaint states that he "is over the age of nineteen (19) years and is a resident of Montgomery County, Alabama." (Complaint, ¶1)

5. Defendant, a limited liability company, is a citizen of Georgia. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004):

> This circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this question have all answered it in the same way; like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.
>
> We hold that the general rule of unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations. *See, Cosgrove v. Bartolotta*, 150 F.3d 728, 731 (7th Cir. 1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1))... We conclude that the citizenship of an LLC for purposes of the diversify jurisdiction is the citizenship of its members.") (citations omitted); *Handelsman v. Bedford. Village Assoc. LTD. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that citizenship of a limited liability company was determined by the citizenship of its members, citing *Cosgrove*, 150 F.3d at 731); *GMAC, Commer. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.2d 827, 828 (8th Cir. 2004) (holding that based on the similarities between limited liability companies and limited partnerships, and in the absence

of a Congressional mandate, the general rule of citizenship based on membership applied.)

*See also, Homfeld II, LLC v. Comair Holdings, Inc.*, 2002 U.S. App. LEXIS 24625 (6th Cir. December 3, 2002). Defendant, Flowers Baking Co. of Opelika, LLC, has one member. Its sole member is Flowers Foods Bakeries Group, LLC, a Georgia limited liability company. The sole member of Flowers Foods Bakeries Group, LLC is Flowers Foods, Inc., a Georgia corporation. (See Attachment 2 - Affidavit of Stephanie Tillman) Consequently, because Defendant's sole member is a citizen of Georgia, Defendant is a citizen of Georgia for purposes of diversity. Therefore, this suit is between a citizen of Alabama and a citizen of Georgia, citizens of different states as required by 28 U.S.C. § 1332(a).

6. As also required by 28 U.S.C. § 1332(a), the matter in controversy exceeds $75,000, exclusive of interest and costs. When a plaintiff seeks to recover an unspecified amount that is not self-evidently greater or lesser than the federal amount in controversy requirement, the defendant has the burden of proving, by a preponderance of the evidence ("more likely than not"), that plaintiff's claims meet this requirement. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001):

> While we do not explicitly adopt the approach described in *Singer* and *Allen*, we clearly relied upon that approach in concluding that the district court may consider evidence submitted **after** the notice of removal is filed. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. (bold emphasis added).

3

When a plaintiff's complaint does not allege a specific amount of damages in controversy, a defendant seeking to remove the action must prove by a preponderance of the evidence standard that the amount in controversy is more likely than not an amount in excess of the amount in controversy. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). In other words, the defendant must prove that it is more likely than not that the plaintiff is seeking more than $75,000.

> [T]he present case concerns an unspecified claim for damages... The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a "preponderance of the evidence" standard. As the *Gafford* Court stated:
>
>> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.

77 F.2d at 1357.

7. Specifically in his Complaint, the Plaintiff alleges a number of claims: (1) Breach of Contract and seeks "lost sales commissions and/or incurred vehicle rental expenses, drivers' salaries and expenses, and other unnecessary expenses and costs associated" (Complaint, ¶ 11); (2) Misrepresentation and seeks, *inter alia*, commissions, drivers' salaries, vehicle rental expenses and other costs and expenses as well as compensatory and punitive damages. (Complaint ¶ 17(A)-(G); (3) Negligence and seeks "numerous expenses, . . . lost profits and income. . . and compensatory and punitive damages." (Complaint, ¶ 20); (4) Wantonness and seeks "lost revenues and profits. . . incurred unnecessary and burdensome expenses and costs. . . and compensatory and punitive damages" (Complaint, ¶¶ 23, 24); and (5) Unnamed Claim and

seeks "lost revenues and profits, incurred unnecessary and burdensome expenses and costs. . . . and compensatory and punitive damages" (Complaint, ¶¶ 28, 29).

8. Plaintiff also states that "[T]he value of said contract and exclusive territory is in excess of the minimal jurisdictional amount of this Court." (Complaint, ¶ 27).

9. In 2003, Plaintiff made over $66,000 in gross wages and in 2004, made over $51,000 in gross wages. (See Attachment 3- Affidavit of Craig Horn)  As of March 2005, he made over $10,000 in gross wages.  Using Plaintiff's 2003 and 2004 income as a benchmark for determining potential lost income, all indications are that this component of alleged damages alone is close to $75,000. Because Plaintiff is not only seeking lost wages, but also expenses and costs, as well as compensatory and punitive damages, there is no question but that Plaintiff's claim(s) amount to more than $75,000, the jurisdictional amount for removal.  Accordingly, this is a civil action in which the district courts of the United States have been given original jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

10. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it encompasses the district and division embracing the place where the state action is pending.

11. Defendant hereby files a copy of all process and pleadings served on Defendant with this Notice of Removal, previously identified as Attachment 1.

12. Defendant states that a true and correct filed-stamped copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Montgomery County, Alabama, promptly after the filing hereof.

13. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby gives notice that the above-described action now pending against it in the Circuit Court of Montgomery County, Alabama, is removed therefrom to this Court.

Respectfully submitted this 30th day of September, 2005.

_____
Sandra B. Reiss
Attorney for Flowers Baking Co. of Opelika LLC

**OF COUNSEL:**
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-3204
(205) 328-1900
(205) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via first-class United States mail, properly addressed and postage prepaid on this the 30th day of Septemer, 2005, to the following counsel of record:

> The Law Offices of
> Greg L. Davis
> 6987 Halcyon Park Drive
> Montgomery, AL  36117
>
> Dan W. Taliaferro
> Attorney at Law
> 6987 Halcyon Park Drive
> Montgomery, AL  36117

_____
OF COUNSEL

7