UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION      2005 OCT -3  A 10: 17

| | | |
|---|---|---|
| HENRY G. PORTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv937-B |
| | ) | |
| FLOWERS BAKING COMPANY OF | ) | |
| OPELIKA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT FLOWERS BAKING COMPANY OF OPELIKA, LLC

COMES NOW Defendant, Flowers Baking Company of Opelika, LLC ("Flowers" or "Defendant"), by and through counsel, and for its Answer and Defenses to Plaintiff's Complaint states as follows:

1.   Admitted.

2.   Denied.

3.   In response to paragraph 3, Flowers is without knowledge or information sufficient to form a belief regarding any unknown or unnamed parties.

4.   In response to paragraph 4, Flowers is without knowledge or information sufficient to form a belief regarding any unknown or unnamed parties.

5.   In response to paragraph 5, Flowers admits that on or around March 11, 2002, it entered into a Distributor Agreement with Plaintiff, pursuant to which Plaintiff acquired exclusive rights to distribute certain products pursuant to the conditions and terms set forth in the Agreement. Flowers denies the remaining allegations contained in paragraph 5 of the

1

Complaint.

     6.    Denied.

     7.    Denied.

     8.    Denied.

### COUNT ONE - ALLEGED BREACH OF CONTRACT

     9.    In response to paragraph 9, Flowers reiterates and incorporates by reference responsive paragraphs 1-8 above with the same force and effect as if fully set forth herein.

     10.    Denied.

     11.    Denied.

### COUNT II - ALLEGED MISREPRESENTATION

     12.    In response to paragraph 12, Flowers reiterates and incorporates by reference responsive paragraphs 1-11 above with the same force and effect as if fully set forth herein.

     13.    In response to paragraph 13, Flowers represented to Plaintiff that he was purchasing a distributorship pursuant to the terms and conditions set forth in the aforementioned Distributor Agreement. Flowers denies the remaining allegations contained in paragraph 13 of the Complaint.

     14.    In response to paragraph 14, Flowers states that the Distributor Agreement speaks for itself. Flowers denies the remaining allegations contained in paragraph 14 of the Complaint.

     15.    Denied.

     16.    Denied.

     17.    Denied.

## COUNT III - ALLEGED NEGLIGENCE

18. In response to paragraph 18, Flowers reiterates and incorporates by reference responsive paragraphs 1-17 above with the same force and effect as if fully set forth herein.

19. Denied.

20. Denied.

## COUNT IV - ALLEGED WANTONNESS

21. In response to paragraph 21, Flowers reiterates and incorporates by reference responsive paragraphs 1-20 above with the same force and effect as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

## COUNT V - UNDEFINED ALLEGATION

25. In response to paragraph 25, Flowers reiterates and incorporates by reference responsive paragraphs 1-24 above with the same force and effect as if fully set forth herein.

26. Denied.

27. In response to paragraph 27, Flowers denies that it has engaged in any wrongful activity, but admits that the value of the contract is in excess of the jurisdictional amount of the Circuit Court.

28. Denied.

29. Denied.

30. Flowers denies each and every allegation of the Complaint not specifically admitted herein to be true.

## AFFIRMATIVE AND OTHER DEFENSES

As and for separate defenses to the Complaint, and without conceding that Flowers bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, Flowers states as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted. In particular, Defendant complied with the terms and conditions of the aforementioned Distributor Agreement and has not engaged in any conduct which provides a cause of action for misrepresentation, negligence, wantonness, or any other cause alleged in the Complaint.

### SECOND DEFENSE

Plaintiff's claims for misrepresentation are not pled with sufficient particularity.

### THIRD DEFENSE

Some of Plaintiff's claims are barred by the doctrine of contributory negligence.

### FOURTH DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of release and Sections 16.4 and 20.5 of the Distributor Agreement.

### SIXTH DEFENSE

Defendant's conduct towards Plaintiff was, at all times, in good faith and was not willful, intentional, or discriminatory.

4

## SEVENTH DEFENSE

Defendant denies that it intended to cause Plaintiff any injury and further denies that Plaintiff's alleged injuries were proximately caused by Defendant or any agent, servant, or employee of Defendant acting within their authority on Defendant's behalf.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover damages for emotional distress or mental anguish because such damages were caused by occurrences other than conduct for which Defendant is liable as a matter of law.

## NINTH DEFENSE

To the extent that Plaintiff seeks equitable relief, Defendant pleads the doctrine of "unclean hands."

## TENTH DEFENSE

Defendant reserves the right upon discovery to plead the defense of after-acquired evidence.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred, at least in part, by the doctrines of waiver, acquiescence and estoppel.

### THIRTEENTH DEFENSE

Plaintiff's state law claims for punitive damages in this case are unlawful pursuant to the provisions of 6-11-20 of the Code of Alabama in that this Defendant did not consciously or deliberately engage in any oppression, fraud, wantonness, or malice with regard to Plaintiff's claims.

### FOURTEENTH DEFENSE

Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff or has been guilty of any conduct which entitles the plaintiff to recover punitive damages.

### FIFTEENTH DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America and the State of Alabama.

### SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages on its face and/or as applied, violates Article I, Section 10, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately and severally, of the Constitution of the United States and Article I, Sections 6, 11, 13, 15, and 22 of the Constitution of Alabama, separately and severally, on each of the following separate and several grounds:

a. The present Alabama procedures fail to provide sufficiently objective and specific standards by which juries may award punitive damages against a defendant for the same alleged act of wrongdoing.

b.  The present Alabama procedures fail to provide constitutional, sufficiently objective and specific standards by which juries may award judgments.

c.  The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of the award against a defendant.

d.  The present Alabama procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

e.  The present Alabama procedures fail to provide a sufficiently clear, objective and consistent appellate standard of review of an award of punitive damages.

f.  The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

g.  The standards of conduct upon which punitive damages are sought are unconstitutionally vague.

h.  The present Alabama procedures do not allow for the jury to be instructed to adhere to any ascertainable standard or apply any specified sets of factors, and, accordingly, no appellate court can subsequently determine whether the jury improperly applied or ignored any standard or set of factors.

i.  The availability of punitive damages, which are penal in nature, against a civil defendant upon plaintiffs satisfying a burden of proof which is less than that required in criminal cases is constitutionally deficient.

j.  The present Alabama procedures fail to provide a meaningful procedure for challenging the excessiveness of an award of punitive damages.

k.  The award of extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set f forth above.

l.  It is improper and unconstitutional to assess punitive damages for derivative or attributed liability, such as respondent superior liability.

m.  The present Alabama procedures fail to provide protection against an excessive amount of punitive damages.

n.  The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

o.  The current Alabama procedures permit the imposition of substantially different punishments for the same and similar conduct.

p.  The current Alabama procedures permit the impairment of obligations to contracts.

q.  The current Alabama procedures permit the imposition of multiple punishments for the same alleged act of wrongdoing.

r.  The current Alabama procedures prohibit the jury from hearing the same evidence and deciding the issue of remittitur which is now under the sole province of the trial court.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint is premature and/or barred due to Plaintiff's failure to follow the Dispute Resolution mechanism set forth in Article XVII of the Distributor Agreement.

## EIGHTEENTH DEFENSE

Assuming, arguendo, Defendant did not fully comply with the Distributor Agreement, any such deviation from its terms was not willful or intentional, and Defendant's performance was intended in good faith to be complete.

WHEREFORE, Flowers respectfully requests that the Complaint against it be dismissed in its entirety and that it be granted its reasonable costs and attorney fees and any other relief this Court may deem appropriate.

/s/ Sandra B. Reiss
Sandra B. Reiss (REI018)
Attorney for Defendant,
Flowers Baking Co. of Opelika, LLC

**OF COUNSEL:**
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
(205) 328-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I served a copy of the foregoing Answer of Flowers Baking Co. of Opelika, LLC by depositing a copy thereof in the United States Mail, properly addressed and first class postage prepaid, on the 29 day of September, 2005, to the following:

The Law Offices of
Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL  36117

_____
Of Counsel