UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY PORTERFIELD, | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO.: 2:05 CV 937-B |
| FLOWERS BAKING COMPANY OF OPELIKA, LLC, | * |
| Defendant. | * |

## MOTION TO REMAND

COMES NOW, Plaintiff Henry Porterfield, by and through his undersigned counsel of record and respectfully moves this Honorable Court, pursuant to 28 U.S.C. Section 1447 to remand the above entitled action, and as grounds therefore submits the following.

### I   INTRODUCTION

On August 23, 2005, Plaintiff filed his lawsuit against Flowers Baking Company of Opelika, LLC, and certain fictitious defendants in the Circuit Court of Montgomery County, Alabama. Plaintiff's complaint alleges breach of contract, misrepresentation, negligence wantonness and conversion. Defendant timely responded to said complaint and on October 3, 2005 filed to remove said action from Montgomery County Circuit Court to the United States District Court

for the Middle District of Alabama. Plaintiff seeks to remand said action back to the said Alabama state court wherein it was originally filed.

## BACKGROUND FACTS

In 1994 Plaintiff entered into a distributorship contract with Flowers Baking Company Inc. This distributorship contract required Plaintiff to purchase a certain geographical area in Montgomery, Alabama to operate an exclusive distributorship of Flowers Baking Company products. Plaintiff paid thousands of dollars for this exclusive territory and was required to purchase a delivery truck.

As the owner of a Flowers distributorship, Plaintiff called upon, and delivered Flowers baking products, to companies, restaurants and retail operations within Plaintiff's geographical territory that had contracts to purchase Flowers products. Plaintiff's income was based on the total dollar amount of product sold each week.

On or about 2005, a local developer announced that Midtown Shopping Center would be opening within Plaintiff's geographical exclusive territory. It was soon announced that this development had secured commitments from both Wal-mart and Publix's grocery stores to open within the Midtown Shopping Center development. This announcement had a significant impact on Plaintiff's route; Plaintiff's income would increase by $100,000 or more per year depending

upon the number of other business and restaurants which locate within these new developments situated within Plaintiff's exclusive territory. Within a brief time of the announced location of new lucrative business within Plaintiff's territory, Defendant Flowers violated Plaintiff's contract, forbad him from making deliveries to the customers on his route, and usurped his delivery duties by assigning them to other company employees. Moreover, prior to the aforesaid actions of Flowers, Plaintiff was aware that Defendant Flowers had been supplying him with "out of code" or stale product to deliver to his customers and had complained to agents and/or officers of Defendant corporation.

After being denied the use of his delivery route and having consequently suffered a significant loss of income, Plaintiff filed suit against Defendant Flowers Baking Company of Opelika, LLC. Plaintiff plead fictitious parties in said complaint, specifically reserving the right to sue "...those persons, firms, corporations, or other business entities responsible for the acts alleged..." in his complaint, and filed interrogatories and production motions with said complaint. Concomitant with this motion, Plaintiff has filed to amend his complaint and join parties–who are nondiverse, Alabama residents–who are responsible for the harmful acts committed against him.

ARGUMENT

In the instant case, Defendant Flowers Baking Company of Opelika LLC, an Alabama limited liability corporation operating and doing business in numerous locations throughout Alabama, seeks federal jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 alleging that this Alabama LLC, owned by a Georgia LLC, which is in turn owned by a Georgia corporation, is a citizen of the State of Georgia and thus diversity of citizenship exists.  Defendant cites Rolling Green MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020 (11th Cir. 2004), holding that the citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members.  To hold that governs in this case ignores the purpose of diversity as stated in J. A. Olson Co. v. City of Winona, Miss., 818 F.2d 401 (5th Cir. 1987). Diversity jurisdiction, as enunciated in Olson, exists to protect out-of-state litigation from state court bias. Id. That bias does not apply here.

In the instant case there is no state court bias.  Flowers Baking Company of Opelika, LLC, is an Alabama LLC.  It operates and does business in Alabama from numerous locations.  It employs numerous Alabama citizens.  It pays taxes in Alabama.  It has an Alabama agent of process. Its officer reside in Alabama.  It is licensed to do business in Alabama and its corporate operating documents are filed in Alabama. Under these circumstances, it can hardly claim to suffer from bias in

the state where it performs all its business and employs practically all of its employees.

Plaintiff has amended to join Defendants Grady Messer and Calvin Rhodes to this lawsuit. The addition of Defendants Grady Messer and Calvin Rhodes, both citizens of Alabama, defeats diversity jurisdiction. These parties, who Plaintiff asserts directly acted to cause the harm set forth in his complaint, are indispensable parties who are necessary to the complete and just adjudication of this lawsuit. Plaintiffs grievances against Messer and Rhodes arose out of the same transaction or occurrence as his right to relief against Flowers Baking Company of Opelika, and questions of law and fact common to all these three defendants will arise in this action. Consequently, diversity must fail with the addition of these nondiverse defendants, and this Court should remand this case back to state court. Ingram v. CSX Transportation, 146 F.2d 858 (11th Cir. 1998).

This Court permits addition of defendants even though their addition results in remand to the state court where the action was originally filed. Maseda v. Honda Motor Company, LTD., 861 F. 2d 1248 (11th Cir. 1988). This addition of parties has occurred early in this litigation and within the time frame for moving for remand. These parties were not previously included in the complaint because Plaintiff was not in possession of the contract he signed with Defendant (note

paragraph 5 of the complaint referencing a 2000 contract, a copy of which Plaintiff possessed, but Plaintiff was without a copy of subsequent contracts to determine what company official signed said contract), and Plaintiff had to consult with o0ther witnesses in possession of their contracts to determine identities of additional defendants. Moreover, as noted previously, Plaintiff alleged fictitious parties and thus made his intention clear to defendant that he would add those "...persons...responsible for the acts herein." Finally, the failure to allow the joinder of these defendants would deprive Plaintiff of the right to achieve redress against those persons who harmed him, would result in a waste of judicial resources by necessitating a state court action identical to this one against these individuals, and would unduly burden this court and cause a duplication of depositions, proceedings, and costs, all of which are unduly burdensome to Plaintiff.

In sum, Defendant Flowers has stronger contacts with Alabama than it has with Georgia, and the individuals added herein as indispensable party defendants, necessitate remand to state court.

Respectfully submitted this the 3 day of November, 2005.

_____
Dan W. Taliaferro (TAL 006)
Attorney for Plaintiff

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL 36117
(334) 409-0545

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL 36117
(334) 409-0545

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of November, 2005, I have served a copy of the foregoing documant on each of the following by sending each a copy of the same by first class mail, postage prepaid and properly addressed:

Sandra B. Reiss, Esq.
OGLETREE, DEAKINS, NASH SMOAK & STEWART
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

                                             _____
                                             DAN W. TALIAFERRO (TAL 006)

OF COUNSEL:

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL 36117
TEL: (334) 409-0545
FAX: (334) 409-7001