UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HENRY G. PORTERFIELD** )<br>)<br>     **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**FLOWERS BAKING CO. OF** )<br>**OPELIKA, LLC.** )<br>) | **CASE NO: 2:05-cv-937-F** |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO
PLAINTIFF'S UNTIMELY MOTION TO REMAND**

COMES NOW Defendant, Flowers Baking Company of Opelika, LLC (hereinafter "Flowers" or "Defendant"), by and through its undersigned counsel, and submits its Response Brief in Opposition to Plaintiff's Motion to Remand as follows:

**I. Procedural Background**

Plaintiff, Henry Porterfield, filed his Complaint alleging breach of contract, misrepresentation, negligence, wantonness and an untitled Count Five in the Circuit Court of Montgomery County on August 23, 2005. The Complaint was served on Flowers on September 6, 2005, and removed to this Court on the basis of diversity jurisdiction on October 3, 2005. On October 17, 2005, this Court issued a Rule 26(f) Order advising the parties that they must conduct their Rule 26 Parties Planning Meeting no later than November 8, 2005.[1]

On November 3, 2005, Plaintiff filed three motions: (1) Motion to Remand; (2)

---

[1] The parties conducted the meeting on November 7, 2005.

1

Motion to Amend Complaint; and (3) Motion to Join. Plaintiff's Motion to Remand was based on 28 U.S.C. § 1447. Plaintiff's Motion to Join seeks to add Grady Messer and Calvin Rhodes pursuant to Fed.R.Civ.P. 20 stating they are "indispensable to this action." Fed.R.Civ.P. 20 refers to "Permissive Joinder of Parties" and does not address "indispensable" parties. Plaintiff's Motion to Amend alleges "on or about July 3, 2000, entered into a Distributor's Agreement, and renewed said agreement in years thereafter . . ." Plaintiff maintains he did not name these two defendants before removal because he "was not in possession of his contract with Defendant Flowers at the time the Complaint was filed, and has discovered the identity of the individuals by contacting other witnesses." (Pl. Motion to Join) For the reasons set forth below and in Defendant's Response in Opposition to Plaintiff's Motion to Amend and Motion to Join, Plaintiff's belated attempt to destroy diversity jurisdiction should be denied, and accordingly, Plaintiff's Motion to Remand should also be denied as untimely, and because diversity jurisdiction properly attached when Flowers removed this action.

**II. ARGUMENT**

    **A. Plaintiff's Motion to Remand is Untimely As Federal Law Requires a Motion to Remand to be Filed Within 30 Days of the Notice of Removal**

Pursuant to 28 U.S.C. § 1447(c), a statutory mandate, a motion to remand a case on the basis of any defect, other than subject matter jurisdiction, **must** be made **within thirty days** after the **filing** of the notice of removal. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781, n.1 (11th Cir. 1989). Flowers properly removed this case on October 3, 2005, because the federal district court would have had original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332. Plaintiff failed to

challenge the Court's jurisdiction until November 3, 2005, one day over the statutory 30-day deadline and gives no justification for his untimeliness. The courts have been very strict in enforcing this 30-day timeline, stating that the 30-day timeline begins to run from the date the Notice of Removal is **filed and Fed.R.Civ.P. 6(e) does not apply,** and that failure to file a Motion to Remand within the 30-day period waives the Plaintiff's right to challenge this Court's jurisdiction. In *Pavone v. Mississippi Riverboat Amusement Corporation et al.*, 52 F.3d 560 (5th Cir. 1995), the Court would not allow the Plaintiff an extension of time who had filed his Motion to Remand 33 days after the Notice of Removal had been filed.

> Pavone's motion to remand was filed thirty-three days after the Riverboat Companies filed their notice of removal and mailed a copy of that notice to Pavone. He states that six days elapsed between the date the notice of the removal was filed and the date on which he received his copy in the mail. He contends therefore that (1) he *could* have filed a motion for enlargement of time or to have his pleading deemed timely filed, either of which motions the district court *could* have granted; and (2) §1446(d) requires the removing party to provide "prompt" written notice, and due process requires that his (Pavone's) motion be treated as untimely under the circumstances of the mailing and delivery. . .
>
> The Riverboat Companies respond that Rule 6(e) is unavailing to Pavone, as it applies only when the prescribed period for a party to act beginning to run *after service upon that party*; **by contrast, § 1447(c) establish the time to object to a defect in a removal procedure based on when the removal notice is *filed with the court*. . . .**
>
> We agree with the Riverboat Companies that Rule 6(e) does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after *service*, not after *filing*.

52 F.3d at 566-67 (italics emphasis in original, bold emphasis added). *See also*, *Russell Petroleum Corporation v. Environ Products Inc. et al.*, 333 F.Supp.2d 1228, 1233

(M.D.Ala. 2004) ("[A] motion to remand a case on the basis of procedural defects in the removal procedure must be made within 30 days of removal.")

Additionally, Plaintiff did not seek an enlargement of time to file his late Motion to Remand pursuant to Fed.R.Civ.P. 6(b). The enlargement of time periods under the Federal Rules of Civil Procedure is provided for in Rule 6(b). A request for such may be made either before or after the expiration of the applicable time period, but the standard for granting such a request is significantly different depending on the timing. If the request is made after the deadline, the standard is much higher. Where the time period for responding has expired, Rule 6(b)(2) controls and the moving party is required to both show cause and prove that the failure to act was the result of "excusable neglect."  6 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ("Moore's") § 6.06 [3][b] (3d ed. 1999), citing FED. R. CIV. P. 6(b)(2) (additional citation omitted). *See also Lujan v. National Wildlife Federation*, 497 U.S. 871, 896-897 (1990); *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380 (1993).[2] Although the Supreme Court in *Pioneer* analyzed the concept in the context of Bankruptcy Rule 9006(b), the Court referred to each of the rules listed previously in construing the "excusable neglect" analysis. *Pioneer*, 507 U.S. at 391-393. *Pioneer* is therefore commonly understood to provide guidance in various contexts discussing the issue of excusable neglect. *See*, *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 126 (3rd Cir. 1999) (compiling authority from multiple circuits for use of *Pioneer* analysis in context of various rules).

---

[2]The requirement of "excusable neglect" is found not only in Federal Rule of Civil Procedure 6(b)(2), but also in numerous other federal rules, including Federal Bankruptcy Rule 9006(b), Federal Rules of Civil Procedure 13(f) and 60(b), Federal Rule of Criminal Procedure 45(b) and Federal Rule of Appellate Procedure 4(a).

Moreover, in *Pioneer*, the Supreme Court expressly pointed out that Federal Bankruptcy Rule 9006(b) was modeled after Federal Rule of Civil Procedure 6(b), and so the two should be analyzed similarly. *Pioneer*, 570 U.S. at 391.

When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. *Pioneer*, 507 U.S. at 398. In order to establish excusable neglect, Plaintiff must show both good faith on his own part and a reasonable basis for noncompliance within the specified time period. Moore's § 6.06 [3][b], citing *U.S. v. Roberts*, 978 F.2d 17 (1st Cir. 1992); *U.S. v. Premises Known as Lots 14, 15, 16, 19, 47 & 48*, 682 F. Supp. 288 (E.D.N.C. 1987); *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990); *Blietner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); and *Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) (additional citations omitted).

In the present case, Plaintiff has not alleged that his failure to request an extension within the time period was the result of "excusable neglect."[3] An attorney's busy schedule is not an appropriate ground on which to find "excusable neglect." *See*, *Clinkscales v. Chevron U.S.A. Inc.,* 831 F.2d 1565, 1569 (11th Cir. 1987) ("It is well established, however, that 'the fact that counsel has a busy practice does not establish "excusable neglect" under Rule 6(b)(2).")*; McLaughlin et al. v. The City of LaGrange et al.,* 662 F.2d 1385 (11th Cir. 1981) (Plaintiff's Motion for Additional Time based on the fact that Plaintiff's counsel was a solo practitioner and was engaged in preparation of

---

[3]Plaintiff's counsel has made mention to Defendant's counsel that they were busy working on a Motion for Reconsideration at the time their Motion to Remand would have been due.

5

other cases did not constitute excusable neglect.*) McClure v. Johns-Manville, et al.*, 1987 U.S. Dist. LEXIS 13640, *5-6 (S.D. Ala. January 20, 1987) ("Excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for non-compliance with the time specified in the Rules. Absent a showing along these lines, relief will be denied. Unfamiliarity with [a rule] does not constitute excusable neglect, nor does a 'busy practice.'").[4] Based on the controlling case law cited above, Plaintiff's Motion to Remand should not be considered.

Even if the Motion to Remand is considered by this Court, Plaintiff's Motion is especially egregious as it appears the excuse given for the Motion to Remand is

---

[4]Other reasons provided by parties or their attorneys have also not met the excusable neglect standard. *See Smith v. Stone*, 308 F.2d 15, 17-18 (9th Cir. 1962) (attorney's failure to file responses to motion for summary judgment, as required by local rules, and failure to notify court or appear at hearing were not excusable neglect, where the excuses offered were a vacation, illness, secretarial problems and workload), *cited in FHC Equities v. MBL Life Assurance Corp.*, 188 F.3d 678, 686 (6th Cir. 1999); *Byrd v. City of Fayetteville*, 110 F.R.D. 71 (E.D.N.C. 1986), *affirmed* 819 F.2d 1137 (4th Cir. 1987) (upholding granting defendant's unopposed motion for summary judgment when plaintiff did not timely file response because plaintiff misunderstood local rule deadline, which did not equal excusable neglect); *Boon Partners v. Advanced Financial Concepts*, 917 F. Supp. 392 (E.D.N.C. 1996) (plaintiff's failure to respond or request extension of time to respond to motion for summary judgment prior to deadline for response established by local rules was not "excusable neglect," when attorney claimed ignorance of local rules and thus plaintiff's reply was properly stricken); *see, U.S. v. One Hundred Thirty-Seven (137) Draw Poker-Type Machines and Six (6) Slot Machines*, 606 F. Supp. 747, 756 (N.D.Ohio 1984), *aff'd* 765 F.2d 147 (6th Cir. 1985) ("Since the claimants have not even attempted to demonstrate that their failure to respond was the result of 'excusable neglect,' this court may refuse to accept the claimants' untimely brief." *citing, accord McLaughlin v. City of LaGrange*, 662 F.2d 1385 (11th Cir. 1981), *cert. denied*, 456 U.S. 979 (1982) (denial of appellants' motion for additional time to respond to motion for summary judgment was not an abuse of discretion); *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980) ("absent an affirmative showing by the nonmoving party of excusable neglect, according to Rule 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits" opposing a motion for summary judgment); *Urban v. Talleyville Fire Co.*, 98 F.R.D. 634, 637 (D.Del. 1983) ("It is firmly established that the burden falls to the moving party to make a good cause showing that the failure to act was the result of excusable neglect.").

disingenuous. Plaintiff states he seeks to join non-diverse parties because he was "not in possession of his contract with Defendant Flowers at the time the complaint was filed, and has discovered the identity of the individuals by contacting other witnesses." (Motion to Join, ¶ 3). This statement is belied by the fact that Plaintiff quotes from the "contract" in his Complaint. See Complaint, ¶ 14 and Evid. Sub., Att 2, Exh. 1 - Distributor's Agreement, ¶¶ 11.1-11.3.[5] Shortly before his distributor's agreement was terminated, Plaintiff also wrote a letter to Flowers' management quoting from his then current contract. (Evid. Sub., Att. 2, Exh. 5 - Letter from Porterfield dated on or about March 18, 2005) As such, Plaintiff's reasoning is questionable. Additionally, the two individuals Plaintiff seeks to join are not parties to the contract at issue, nor has Plaintiff otherwise articulated a factual basis against them, as required by controlling case law. *See, Jerido v. American Gen. Life & Accident Ins. Co.*, 127 F.Supp.2d 1322 (M.D. Ala. 2001); *Bevels v. American States Ins. Co.*, 100 F.Supp.2d 1309 (M.D. Ala. 2000). Accordingly, Plaintiff's Motion to Remand is untimely and should be denied.

### B.  Neither Plaintiff's Post-Removal Motion to Amend Complaint Nor Motion to Join Provide Any Basis for Plaintiff's Untimely Motion to Remand

Plaintiff attempts to resurrect his untimely Motion to Remand by seeking to add individual defendants, one a current, one a former, management employee of Flowers. Calvin Rhodes is the former President of Flowers, and Grady Messer, Director of Sales, who oversaw Plaintiff's sales territory. (Evid. Sub., Att. 1 - Declaration of Calvin Rhodes; Att. 2 - Declaration of Grady Messer)  Because both of these individuals

---

[5]The supporting attachments/exhibits referenced herein are being simultaneously filed    herein pursuant to Defendant's "Submission of Evidence".

were/are management employees of Flowers, there is no reason to add them as individuals, especially due to the fact that they **are not parties to the contract at issue** which is between Plaintiff and Flowers only, and also due to the fact that only one defendant, Mr. Rhodes, is a signatory to the contract on behalf of Flowers. (Evid. Sub., Att. 2; Exh. 1 - Distributor's Agreement)

Plaintiff did not contract with either Calvin Rhodes or Grady Messer and as such, cannot claim breach against these two individuals. Alabama case law holds that an entity or person which is not a party to a contract at issue, cannot be held liable for breach of the same contract. *Johnson v. University Health Services, Inc.*, 161 F.3d 1134, 1338 (11th Cir. 1998). *See also*, *Western Union Telegraph v. Glover*, 86 So. 154 (Ala. 1920).

Further, **Plaintiff has not set forth any factual allegations as to how either Mr. Rhodes or Mr. Messer harmed him and, thus, he has failed to show how the failure "to allow the joinder of these defendants would deprive Plaintiff of the right to achieve redress against those persons who harmed him. . ."** (Pl. Motion to Remand, unnumbered page 6) As set forth in further detail in Defendant's Response Brief in Opposition to Plaintiff's Motion to Amend and Motion to Join, filed simultaneously herewith, Plaintiff cannot now, post-removal, belatedly add individual defendants under 28 U.S.C. § 1447(e) for the express purpose of trying to destroy diversity.

**C. Flowers' Principal Place of Business is the State of Citizenship of its Ultimate Member**

Additionally, Plaintiff does not rely on any controlling case law that states that the removal was somehow faulty or without merit. However, out of an abundance of caution, and relying upon the facts and case law cited in its Notice of Removal, Flowers

will provide further support for its contention that it is diverse from the Plaintiff. As stated, Defendant, Flowers Baking Co. Of Opelika, LLC, has one member. Its sole member is Flowers Foods Bakeries Group, LLC, a Georgia limited liability company. The sole member of Flowers Foods Bakeries Group, LLC is Flowers Foods, Inc., a Georgia limited liability company. As held in *Rolling Greens MHP, L.P., v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004), the general rule of unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations. As such, the limited liability company's citizenship is that of its members. In this case, the state of citizenship of Defendant's principal member is Georgia.

Because under this general rule the citizenship of the LLC in the Eleventh Circuit is dictated by the citizenship of its members, the principal place of business of the LLC is irrelevant. A principal place of business only becomes relevant if a member of an LLC is a corporation. *See City of Naperville v. Comcast of Illinois/West Virginia, LLC*, 2003 U.S. Dist. LEXIS 10998, at *7 (N.D. Ill. June 26, 2003) (LLC's citizenship dictated by member corporation's state of incorporation and principal place of business.)

Elaborating on the principal place of business analysis, in the Eleventh Circuit, "a corporations' principal place of business is determined by looking at the 'total activities' of the corporation." *Sweet Pea Marine, LTD. v. APJ Marine, Inc.*, 2005 U.S. App. LEXIS 10546 (11th Cir. June 8, 2005), citing *Bel-Bel Int'l Corp. v. Cmt. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998). This is a hybrid analysis, incorporating both the "place of activities" test (focus on production or sales activities),

and the "nerve center" tests (emphasis on the locus of the managerial and policymaking functions of the corporation.)

When a corporation has "far-flung" activities that cannot be confined to one location, the courts give greater significance to "nerve-center" related facts. *See Sweet Pea Marine, LTD.*, 2005 U.S. App. LEXIS 10546, at *11. Flowers Foods' activities are certainly considered "far flung," as they span thirty-four bakeries across the Southeast, Southwest and Mid-Atlantic. The Eleventh Circuit has examined such factors as the location of directors, corporate meetings, company records and decision-making, as well as the corporate mailing address to determine the principal place of business. *See Id.*; *Vareka Invs., N.V. v. American Investment Properties, Inc.*, 724 F.2d 907, 910 (11th Cir. 1984). Flowers Foods is headquartered in Thomasville, Georgia. The address of its principal executive offices is 1919 Flowers Circle, Thomasville, Georgia, 31757, and it manages its business affairs from that location. Flowers Food also provides overall corporate strategic direction and generally oversees its operating companies, such as coordinating and providing the various services of accounting, vendor management, legal and tax services, technology support and the like. Shareholder meetings are also conducted at the corporate offices in Thomasville, and Flowers Foods' corporate records are maintained there. All corporate officers of Flowers Foods are similarly based in Thomasville, Georgia. As Flowers Foods' files consolidated financial statements, officials in Thomasville coordinate all required financial reporting for the operating companies. (Evid. Sub., Att. 3 - Affidavit of Stephanie Tillman)

Therefore, the Eleventh Circuit places greater emphasis on Flowers Foods' managerial location and headquarters in Thomasville, Georgia. Applying the "total

activities" test as set forth by the Eleventh Circuit, it is clear that Flowers Foods' principal place of business is in Thomasville, Georgia. Therefore, since Flowers Foods is a citizen of Georgia and the Plaintiff is a citizen of Alabama, there is complete diversity of citizenship for purposes of federal jurisdiction. (Evid. Sub., Att 2 - Affidavit of Grady Messer)[6]

WHEREFORE, because Plaintiff's Motion to Remand is untimely and for the other reasons discussed herein, Plaintiff's Motion to Remand must be denied as a sham attempt to destroy diversity.

Respectfully submitted this 21st day of November, 2005.

/s/Sandra B. Reiss
Sandra B. Reiss (REI018)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
e-mail:  Sandra.Reiss@odnss.com
Ph.  (205) 328-1900 / Fax:  (205) 328-6000
(and)

Kevin P. Hishta, Esq.  (Georgia Bar 357410)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**
Bank of America Plaza
600 Peachtree Street, N.E., Suite 2100
Atlanta, GA   30308
e-mail:  Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1302 /Fax (404) 870-1732
*Attorneys for Defendant,*
*Flowers Baking Co. of Opelika, LLC*

---

[6] Plaintiff's argument does, however, support Defendant's position that his claim totals over $75,000 by alleging (without any evidentiary support) that a recent announcement regarding retail establishments would increase his income "by $100,000 or more per year. . .. " (Pl. Motion to Remand, unnumbered page 2)

## CERTIFICATE OF SERVICE

  I do hereby certify that I electronically filed the foregoing with the Middle District Court's ECF system on this 21st day of November, 2005, which will forward the same via electronic notice to counsel for Plaintiff, as follows:

  The Law Offices of
  Greg L. Davis
  6987 Halcyon Park Drive
  Montgomery, AL   36117

  Dan W. Taliaferro
  Attorney at Law
  6987 Halcyon Park Drive
  Montgomery, AL  36117

            /s/Sandra B. Reiss
            Sandra B. Reiss