UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY G. PORTERFIELD )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FLOWERS BAKING CO. OF )<br>OPELIKA, LLC. ) | CASE NO: 2:05-cv-937-F |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO JOIN AND
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

COMES NOW Defendant Flowers Baking Company of Opelika, LLC (hereinafter "Flowers" or "Defendant") by and through its undersigned counsel, and submits its Response Brief in Opposition to Plaintiff's Motion to Join and Plaintiff's Motion to Amend Complaint as follows:

**I. PROCEDURAL BACKGROUND**

Plaintiff, Henry Porterfield, filed his Complaint alleging breach of contract, misrepresentation, negligence, wantonness and an untitled Count Five in the Circuit Court of Montgomery County on August 23, 2005. The Complaint was served on Flowers on September 6, 2005, and removed to this Court on the basis of diversity jurisdiction on October 3, 2005. On October 17, 2005, this Court issued a Rule 26(f) Order advising the parties that they must conduct their Rule 26 Parties Planning Meeting no later than November 8, 2005.[1]

On November 3, 2005, Plaintiff filed three motions: (1) Motion to Remand; (2) Motion

---

[1]The parties conducted the meeting on November 7, 2005.

to Amend; and (3) Motion to Join. Plaintiff's Motion to Remand was based on 28 U.S.C. § 1447. Plaintiff's Motion to Join sought to add Grady Messer and Calvin Rhodes pursuant to Fed.R.Civ.P. 20 stating they are "indispensable to this action." Fed.R.Civ.P. 20 refers to "Permissive Joinder of Parties" and does not address "indispensable" parties. Plaintiff's Motion to Amend alleges that the additional defendants "on or about July 3, 2000, entered into a Distributor's Agreement, and renewed said agreement in years thereafter …" Plaintiff maintains he did not name these two defendants before removal because he "was not in possession of his contract with Defendant Flowers at the time the complaint was filed, and has discovered the identity of the individuals by contacting other witnesses." (Pl. Motion to Join)

For the reasons set forth below and in Defendant's Opposition to Plaintiff's Motion to Remand, Plaintiff's belated attempt to destroy diversify jurisdiction should be denied, and accordingly, Plaintiff's Motion to Remand should also be denied as untimely, and because diversity jurisdiction properly attached when Flowers removed this action.

## II. ARGUMENT

### A. Plaintiff's Contemplated Post-Removal Amendment to Add Individual Defendants Should be Denied Pursuant to 28 U.S.C. § 1447(e).

Plaintiff seeks to add individual defendants pursuant to Fed.R.Civ.P. 20, "Permissive Joinder of Parties." As such, this procedural maneuver implicates 28 U.S.C. § 1447(e), which provides that:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.

In determining whether to allow an amendment which destroys diversity jurisdiction, the courts have examined the following factors: (1) the extent to which the purpose of the

2

amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Hengens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, *Deere & Co. v. Hengens*, 493 U.S. 851 (1989). *See also, Jerido v. American Gen. Life & Accident Ins. Co.*, 127 F.Supp. 2d 1322, 1325 (M.D. Ala. 2001) (following *Hengens* analysis); *Bevels v. American States Ins. Co.,* 100 F.Supp.2d 1309, 1313 (M.D. Ala. 2000) (also following *Hengens* analysis).

> **1. Plaintiff's Attempt to Add Non-Diverse Parties Is Strictly to Destroy Diversity Given These Parties were Known to Plaintiff at the Time of Filing, Plaintiff Sought to Add The Parties Simultaneous to the Filing of his Motion to Remand, They are Not Parties to the Contract at Issue and Plaintiff Provides No Facts Which Explain Any Wrongdoing by the Non-Diverse Parties**

With respect to the first *Hengens* factor, Plaintiff has provided a very weak, almost transparent, explanation for why he waited approximately 2 and ½ months to amend his Complaint. Plaintiff maintains that he seeks to add Mr. Rhodes and Mr. Messer because he "[P]laintiff was not in possession of his contract with Defendant Flowers at the time the complaint was filed, and has discovered the identity of the individuals by contacting other witnesses." (Motion to Join) **This explanation is disingenuous at best.** In Plaintiff's Complaint, he repeatedly quotes from a distribution agreement and makes no argument whatsoever that it is not the contract at issue. Additionally, by letter dated on or about March 19, 2005, Plaintiff refers to the March 2002 distribution agreement. **Plaintiff had to have been in possession of his Distributor's Agreement at the time he filed his Complaint, because he quotes from the Agreement.** *See* Plaintiff's Complaint, ¶ 14 and the Distributor's Agreement

3

between Flowers and Henry Porterfield dated March 11, 2002 (Evid. Sub., Att. 2, Exh. 1, ¶¶ 11.1-11.3)[2] wherein Plaintiff quotes from language in the Distributorship Agreement.

Further, Plaintiff held a contract with Flowers since at least 2000, and as such, he was well aware that Calvin Rhodes was the **former** President of Flowers and that Grady Messer was the Director of Sales.  In fact, Mr. Messer sent Plaintiff two letters dated February 4, 2005, and March 7, 2005, respectively, alerting him that he was in breach of his contract with Flowers. (Evid. Sub., Att. 2, Exhs. 2 and 3 - Letters from Grady Messer to Henry Porterfield dated February 4, 2005 and March 7, 2005 respectively) Additionally, Plaintiff attended a meeting with Mr. Messer about his route and his problems with customers on March 15, 2005 (Evid. Sub., Att 2, Exh. 4 - E-mail of Grady Messer to Steve Bordeaux dated March 16, 2005) As such, there can be no credible explanation for Plaintiff's failure to add these two management employees/agents of Defendant when he filed his Complaint.

Adding the individual agents of an already named defendant is not considered a legitimate reason to destroy diversity jurisdiction. As stated by this District in *Jerido*, *supra*, "[I]n addition, the individual defendant would not be considered to be an indispensable party since the Federal Rules of Civil Procedure do not require joinder of principal and agent." 127 F.Supp.2d at 1326. *See also*, *Bevels*, 100 F.Supp. at 1313:

> In addition, applying 28 U.S.C. § 1447(e) is the better approach from a practical standpoint.  If the rule were to the contrary, that is, if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, in a case such as the instant case **in which the non-diverse defendant is an agent of an insurance company which is also named** as a defendant, a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed, and

---

[2] The supporting attachments/exhibits referenced herein are being simultaneously filed herein pursuant to Defendant's "Submission of Evidence".

avoid any fraudulent joinder inquiry which could have been conducted had the non-diverse defendant been named in the original complaint. (emphasis added)

In addition, the timing of the proposed amendment, filed simultaneously with Plaintiff's Motion to Remand, strongly supports the finding that the primary purpose of the proposed amendment is to defeat federal jurisdiction. *See Jerido*, 127 F.Supp.2d at 1324 ("[T]he timing of the amendment, coming simultaneously with the Motion to Remand and after removal, also lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction."); *Bevels*, 100 F.Supp. 2d at 1313 (post removal amendment to the Complaint indicates that the purpose of the amendment is to defeat federal jurisdiction); *In re Norplant Contraceptive Prods. Liab. Litig.,* 898 F.Supp. 428 (E.D. Tex. 1995) (denying motion to amend where plaintiff knew the identity of defendant at an earlier time.)  Accordingly, the first *Hengens* factor strongly favors disallowing Plaintiff's proposed amendment to add individual defendants.

Moreover, Plaintiff sets forth no additional facts to support his claims against Mr. Rhodes and Mr. Messer and as such, does not explain how these individuals are liable for any of his alleged claims. (See Pl. Motion to Amend)  **Importantly, Mr. Rhodes retired in January 2005, and thus was not even an employee of Flowers at the time Plaintiff's Distributorship Agreement was discontinued. (Evid. Sub., Att. 1 - Affidavit of Calvin Rhodes, ¶ 1)**

**Additionally,  <u>neither</u> party sought to be added, <u>is a party to the contract at issue.</u> (Evid. Sub., Att. 1, ¶ 5; Att. 2, Exh. 1 )** As such, Plaintiff's argument that he had to join these parties when he learned of their identity from others because he "was not in possession of the contract" is without merit. (Pl. Motion to Join)  The individuals cannot be sued for breach of contract, when they are not parties to the contract. See futility argument below, *infra***.**

### 2. Given Plaintiff's Knowledge of Mr. Rhodes and Mr. Messer at the Time He Filed his Complaint, His Motion to Amend and Motion to Join are Dilatory

The second *Hengens* factor also strong favors disallowing Plaintiff's Motion to add the individual defendants. As stated, Plaintiff gives a very weak explanation for waiting to add the former President of Flowers and the Area Supervisor for Montgomery, **who are not parties to the contract at issue,** until after the case was removed, which indicates that he has been dilatory in asking for the amendment. (Evid. Sub., Att. 2 - Affidavit of Grady Messer, ¶¶ 6, 7)  Plaintiff clearly knew the identity of these persons at the time he filed his Complaint and as such, their names would not be somehow revealed to him by acquiring the contract at issue, **especially given they are not parties to the contract**. *See Jerido*, 127 F.Supp.2d at 1325 (no explanation as to why plaintiff waited almost two months to name an individual defendant; thus, plaintiff was dilatory) *Bevels*, 100 F.Supp. 2d at 1313 (no apparent reason for the plaintiffs to wait to add individual defendant until after case was removed, indicating that plaintiffs were dilatory).

### 3. Plaintiff Will Not Be Significantly Injured if Flowers' Agents are Not Joined as Defendants

With respect to the third *Hengens* factor, Plaintiff would not be significantly injured if the proposed amendment to add individual defendants is disallowed. There has been no showing by Plaintiff that he will not be able to obtain any of the relief he seeks without the presence of the individual defendants, **who are management/agents of the originally named defendant Flowers**. Flowers could and would satisfy any possible judgment. *Jerido*, 127 F.Supp. 2d at 1325-26 ("The absence of such an individual defendant will not prevent the Plaintiff from obtaining full relief."); *Bevels*, 100 F.Supp. 2d at 1314 (failure to state a claim and no showing

that plaintiffs will not be able to obtain full relief on their claims without the presence of individual defendant supports disallowing amendment to add individual defendant.)

### B. Plaintiff's Attempt to Amend his Complaint Should be Denied on the Grounds of Futility

When a proposed amendment is legally insufficient or cannot withstand a motion to dismiss, the courts have uniformly rejected such proposed amendments. *See*, *e.g. Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *cert. denied*, 537 U.S. 938 (2002) ("A district court may properly deny motion to amend as futile if the proposed amendment would be barred by the statute of limitations."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (proposed amendment is futile if it cannot withstand motion to dismiss under Rule 12(b)(6)).

Here, Plaintiff maintains that paragraph 5 of this Complaint should be amended to read:

5. On or about July 3, 2000, Plaintiffs (sic) and **Defendants entered into a Distributor's Agreement and renewed said agreement in years thereafter, . . .**

However, review of the renewed Distributor's Agreement, shows that neither of the individuals Plaintiff seeks to join is a party to the Distributor's Agreement. (Evid. Sub., Att. 2, Exh. 1 - Distributor's Agreement)   As stated in the Distributor's Agreement, the **only** parties to the Agreement are Plaintiff and Flowers:

> AGREEMENT made this 11th day of March 2002, by and between Flowers Baking Co. Of Opelika LLC. (COMPANY) and Henry Porterfield (DISTRIBUTOR)

(Evid. Sub., Att. 2, Exh. 1) In fact, at no point in the Agreement is Mr. Messer named, and Mr. Rhodes' name appears on the last page only, as a signatory for Flowers. (Evid. Sub., Att. 2, Exh. 1) As such, amended paragraph five is simply not true on its face or otherwise.   Alabama case law holds that an entity or person which is not a party to a contract at issue, cannot be held liable

for breach of the same contract. *Johnson v. University Health Services, Inc.*, 161 F.3d 1134, 1338 (11th Cir. 1998). *See also*, *Western Union Telegraph v. Glover*, 86 So. 154 (Ala. 1920).[3]

Alabama law also recognizes that a "principal's agent or employee, who acts for or on behalf of the principal, is a 'party' to the principal's contractual and business relations and not a third party thereto." *Harrell v. Reynolds Metals Company, et al.*, 495 So.2d 1381, 1388-89 (Ala. 1986). Here, similar to the third-parties named in *Harrell*, *supra*, "plaintiff on his own labeled the individual defendants as 'parties' to the purported contractual and business relations. There was no allegation in the pleadings nor proof before the trial court that the individual defendants were acting for their own interests or were not acting on behalf of Reynolds either . . . when his job was terminated." *Id*. at 1388. Likewise here, Plaintiff arbitrarily asserts that Mr. Rhodes and Mr. Messer are parties to the contract. In this scenario, when non-diverse agents are added concurrently with Plaintiff's overdue Motion to Remand, it is obvious that the Plaintiff is engaging in fraudulent joinder against parties whom he does not claim are individually liable for the claims alleged. *See also*, *Miller et al. v. Dobbs Mobile Bay Inc., et al.*, 661 So.2d 203, 205 (Ala. 1995) ("An agent cannot be held liable for his principal's breach of contract.")

WHEREFORE, for the reasons stated above, Plaintiff's Motion to Join and Motion to Amend Complaint should be Denied.

---

[3] Futhermore, as stated above, Plaintiff does not allege any facts which would demonstrate any wrongdoing by Mr. Rhodes or Mr. Messer.

Respectfully submitted this 21st day of November, 2005.

/s/Sandra B. Reiss
Sandra B. Reiss (REI018)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
e-mail: Sandra.Reiss@odnss.com
　　　Ph. (205) 328-1900
Fax: (205) 328-6000

And

Kevin P. Hishta, Esq. (Georgia Bar 357410)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**
Bank of America Plaza
600 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30308
e-mail: Kevin.hishta@ogletreedeakins.com
Ph. (404) 881-1302
Fax (404) 870-1732
*Attorneys for Defendant,*
*Flowers Baking Co. of Opelika, LLC*

**CERTIFICATE OF SERVICE**

I do hereby certify that I electronically filed the foregoing with the Middle District Court's ECF system on this 21st day of November, 2005, which will forward the same via electronic notice to counsel for Plaintiff, as follows:

> The Law Offices of
> Greg L. Davis
> 6987 Halcyon Park Drive
> Montgomery, AL   36117
>
> Dan W. Taliaferro
> Attorney at Law
> 6987 Halcyon Park Drive
> Montgomery, AL  36117

/s/Sandra B. Reiss
Sandra B. Reiss