UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ATTACHMENT 2

| | | |
|---|---|---|
| HENRY G. PORTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-cv-937 |
| | ) | |
| FLOWERS BAKING COMPANY OF OPELIKA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF GRADY MESSER

I, Grady Messer, having been duly sworn, hereby depose and state as follows:

1. I am the Director of Sales for Flowers Baking Company of Opelika, LLC ("Flowers"). In this position, I oversee sales of Flowers' products in the Montgomery area, which includes working with our independent distributors. Flowers distributes its products through a network of independent distributors. This included Henry Porterfield ("Mr. Porterfield"). I have held this position since 1991. I am a management salaried employee.

2. Before I was Director of Sales, I was the Vice President of Sales in Birmingham, Alabama, working in a very similar position.

3. I met Mr. Porterfield in approximately 1991 when he was a Company employee. He subsequently became an independent distributor with Flowers, involved in distributing our products to retail customers in the Montgomery area. He signed two Distributor Agreements with Flowers. A copy of the latest Distributor Agreement Mr. Porterfield executed, dated March 11, 2002, is attached hereto as Exhibit 1. A review of

the Agreement shows that my name does not appear on this Agreement. Neither was I a party to this Agreement. The Agreement was executed by Steve Bordeaux, Don Adkins, Calvin Rhodes and Mr. Porterfield, whose signatures I recognize.

4. On February 4, 2005, I sent Mr. Porterfield a letter by certified mail advising him that he would no longer be able to service the Burger King in his territory due to customer complaints. He was given ten days to rectify the situation pursuant to the terms of the Distributor Agreement. A copy of this letter is attached hereto as Exhibit 2.

5. On March 7, 2005, I sent Mr. Porterfield another letter by certified mail advising him that he would no longer be able to service Sodexho Troy State at Montgomery due to customer complaints and that he would have ten days to remedy the situation pursuant to the terms of the Distributor Agreement. A copy of this letter is attached hereto as Exhibit 3.

6. On March 16, 2005, Mr. Porterfield came to the Flowers' warehouse along with two other individuals not associated with Flowers. I sent an e-mail summarizing my discussion with Mr. Porterfield and these two individuals on this date via e-mail to Steve Bordeaux, President of Flowers. A copy of this e-mail is attached hereto as Exhibit 4.

7. I generally interacted with Mr. Porterfield on at least a weekly basis, and he would not need to review a copy of the aforementioned Distributor Agreement to know my identity or name.

8. Following my March 16, 2005 meeting with Mr. Porterfield, Mr. Porterfield sent a letter to Michael Lord, Flowers' Vice President of Sales. I was provided a copy of this letter. This letter specifically references Mr. Porterfield's

Distributor Agreement dated March 11, 2002, and maintains that Flowers was in breach of the Agreement. A copy of this letter, signed by Mr. Porterfield is attached as Exhibit 5.

I hereby declare under penalty of perjury that the foregoing is true and correct according to my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

Executed on November 17, 2005.

_____
GRADY MESSER

Subscribed and sworn to before me this 17 day of November, 2005.

_____
Notary Public
My commission expires: 5/26/09