IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY PORTERFIELD,<br>    Plaintiff<br>v.<br><br>FLOWERS BAKING COMPANY OF<br>OPELIKA, LLC, GRADY MESSER,<br>CALVIN RHODES, STEVE BORDEAU,<br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No. 2:05-cv-937-F |

## PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

COMES NOW Plaintiff, by and through counsel, and submits its Brief in response to Defendant Flowers Baking Company of Opelika, LLC's brief in opposition to Motion to Remand Join as follows:

I.  **Procedural History:**

On August 23, 2005, Plaintiff Henry Porterfield, through counsel, filed a complaint against an Alabama domestic limited liability corporation Defendant Flowers Baking Company of Opelika, LLC (hereafter referred to as "Flowers" and/or "Defendant Flowers") in Montgomery County, Alabama Circuit Court. In that multi-count complaint alleging breach of contract, fraud, misrepresentation, negligence, wantonness, and conversion, and more specifically Defendant Flower's wrongful conduct in removing Plaintiff from his exclusive delivery route territory in 2005, pursuant to actions surrounding a July 3, 2000 contract Plaintiff had executed with Defendant Flowers. Plaintiff further named, as additional defendants in his original complaint, "Fictitious Defendants 'H' through 'M,'" being identified as "...those persons, firms, corporations, or other business entities responsible for the acts alleged herein." [Exhibit "A,"

paragraph 4].

On October 3, 2005, Defendant Flowers removed this Montgomery County Circuit Court case to this Court. On November 3, 2005, Plaintiff filed three motions: a Motion To Amend, a Motion to Join, and a Motion to Remand. Defendant Flowers subsequently filed its brief in opposition to these motions. For the following reasons set forth herein, this Court should grant said motions and remand this case to its place of origin, the Montgomery County District Court.

## II.     Argument In Support Of Motion To Remand

### A.     Remand is required, in a federal lawsuit with jurisdiction based exclusively on diversity of citizenship, when Plaintiff adds a party based on evidence discovered post removal.

In the case sub judice, Plaintiff Porterfield discovered new evidence after this case had been removed to federal court. The attached affidavits of Henry Porterfield, Doug Branch, and Charles Morrow (Exhibits "F," "G" and "H" to brief supporting joinder)[1] all contain evidence unknown to Plaintiff at the time he filed his complaint. This complaint was filed August 23, 2005 and removed October 3, 2005. Specifically, Plaintiff states these witnesses not provide this information to Plaintiff until late September or early October, 2005, and for Morrow even after that.[2] In considering remand. In determining whether to remand, courts

---

[1] In order to avoid confusion over the identification of exhibits, Plaintiff assigns the same exhibit numbers used for its exhibits in support of its Motion to Amend and Motion to Join and adopts said exhibits for this brief.

[2] "Sometime **late in September or early October of 2005**, I spoke with Doug Branch, Charles Morrow and other contractors. They really did not want to get involved...He [Morrow] finally told me later what is in his affidavit–that Messer had basically invented a reason to run me off and take my route back." [Exhibit "F," paragraph 8 (emphasis added)].
"I have heard Grady Messer state that he was going to find a way to get Henry terminated and get his route back...I would have told henry about this earlier, but I don't see him that often, and I was afraid of Flowers firing me for telling what was said. I need my job and it5 is important to me that I get along with the people at Flowers. **I have only recently informed Henry of this information because of these fears.**" [Exhibit H, paragraph 4 (emphasis added)].

will consider evidence raised in post removal affidavits provided new causes of action and theories are not raised

> "Federal courts may, as here, "...consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim....Post-removal filings may not be considered, however, when or to the extent they present new causes of action or theories not raised in the controlling petition filed in state court...we will consider [the plaintiff's] affidavit, to the extent material, for purposes of determining whether there is any reasonable basis for predicting that [Plaintiff] might be able to establish [defendant's] liability on the pleaded claims in state court."

Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999)

The affidavits or Plaintiff, Branch, and Morrow do not raise new theories, nor do they present new causes of action; rather, they serve only to provide an evidentiary basis for the claims Plaintiff now has–since removal–against non-diverse individuals employed by Defendant Flowers.

Plaintiff plead counts of breach of contract, conversion, fraud, misrepresentation, negligence and wantonness. Plaintiff has now presented evidence that directly implicates Grady Messer, an Alabama citizen employed as a Sales Director for Defendant Flowers, and specifically proves, if believed by a jury, that Messer deliberately fabricated a reason to terminate Plaintiff in order to regain his delivery route for the Defendant corporation and resell it at a greater profit. These factual allegations clearly implicate him in all counts alleged against the corporate Defendant herein.

As noted in Plaintiff's brief in support of its joinder and amendment motions, the case of Brown v. TransSouth Fin. Corp., 387 F. Supp. 1398 (M.D. Ala 1995), decided by this District, affords excellent guidance in resolving this issue. In that case, as here, Plaintiff alleged

fictitious parties in general terms in a complaint filed in an Alabama Circuit Court.[3] Plaintiff Brown subsequently, following removal to this Federal Court, added the party Karen White as a defendant, whose citizenship destroyed diversity, and moved this Court for remand. Moreover, in the *Brown* case, Karen White's name appeared on the underlying loan agreement forming the basis of the complaint and this fact was known to Plaintiff Brown, whereas here, as shown by Plaintiff's foregoing exhibits, Plaintiff Porterfield did not possess a copy of the 2002 document containing the signature of Defendant Messer at the time he filed his complaint..

Deciding that Plaintiff Brown "proceeded 'in a reasonably diligent manner in determining the true identity of the fictitious defendant,'" Judge DeMent noted that "the plaintiffs submitted interrogatories simultaneously with their complaints which sought to elicit the proper names of all fictitious parties." *Id.* Herein, as noted above, Plaintiff sought discovery of documents that would accomplish the same by requesting all contracts and distributorship agreements that would disclose the identity of the individual who specifically executed the 2002 Distributor's Agreement with Plaintiff Porterfield. Moreover, as noted in the Morrow affidavit, independent contractors were reluctant to tell Plaintiff of information incriminating Defendant Flowers for fear of retaliation.

In the *Brown* case, noting that "...removal statutes are strictly construed against

---

[3] In *Brown*, the fictitious parties were described as "those persons who or which were employed by Defendant TranSouth Financial Corporation and/or Defendants Associates Financial Life Insurance Company on the dates complained of herein and who or which made the misrepresentations to Plaintiff as described in this complaint." *Brown* at 1398. Herein, the fictitious parties are described as "those persons, firms, corporations, or other business entities responsible for the acts alleged herein." The language is substantially similar, and both place the defendants on notice that "persons" will be added when identified, or when evidence develops to implicate such person.

removal..." and that "...all doubts about removal should be resolved in favor of remand,"[4] Judge DeMent remanded the case back to state court even though the motion to amend the Plaintiff's complaint was filed forty-two (42) days after notice of removal, whereas in the immediate case, the motion to amend Plaintiff's complaint was filed thirty-one (31) days after notice of removal.

Unless Defendant can show that "either . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts," then this Court must allow this suit to proceed against the non-diverse party Defendant [name omitted] and remand this cause back to state court. <u>Cobb v. Delta Exports, Inc.</u>, 186 F.3d 675 (5th Cir. 1999), citing <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993) (citing <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 554 (Former 5th Cir. Dec. 1981)). This is because joinder of a non-diverse party, after removal,"...destroys diversity jurisdiction." <u>Id.</u>

Counsel will not belabor this Court with a lengthy recitation of facts, already argued in his brief in support of Plaintiff's motion to join and amend, which clearly implicate Messer in all counts pending against Defendant Flowers. A review of the three affidavits, and a fair consideration of the new evidence raised in the Branch and Morrow affidavits, provide ample evidence to implicate Messer on all counts, especially considering the very high evidentiary burden borne by the Defendant Flowers herein, namely that it must show there is "no possibility"

---

[4] Citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941), <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979), and <u>Paxton v. Weaver</u>, 553 F.2d 936 (5th Cir. 1977). See also <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d at 1095.

of a cause of action being raised against Defendant Messer. When a man, employed by Defendant corporation is heard to state that he is "...going to find a way to get [Plainitff] terminated and get his route back ," that [Plaintiff] better "...stop complaining [about out of date product] or he would regret it," and that Plaintiff is terminated shortly thereafter in a manner, according to another witness (Branch) unlike any other employee ever employed by Defendant corporation in the past 13 years, and that man is shown to be the agent and actor who accomplished the termination of Plaintiff on fabricated and/or pretextual grounds, that man is directly responsible for those torts he committed as much as, and in fact, more than, the corporation that employs him. His inclusion as a party defendant is not only to be expected, but should be required under these facts discovered after removal. And once this non-diverse party, in this case Grady Messer, is joined to this case as a party defendant, then this Court must remand. **Ingram v. CSX Trans.**, 146 F.2d 858 (11th Cir. 1998).

### B. Defendant cannot carry its burden of proof on the issue of fraudulent joinder.

Defendant's argument in support of fraudulent joinder is predicated primarily upon the assertion that Plaintiff had possession of his 2002 Distributor's Agreement when he filed his complaint, and thus that Plaintiff allegedly knew which individuals were named on the contract and could have added included them when the case was filed. As shown by Plaintiff's brief in support of his motions to amend and join, this assertion is not only false, but it is utilized in a manner which may be arguably construed as an attempt to mislead this Court. Without repeating the specifics in detail, proving Plaintiff did not have a 2002 Distributor's Agreement in his possession when he filed his complaint, and did not quote form any 2002 document in letters written by Plaintiff, Plaintiff invites this Court to review pages 3 through 5 of his brief in support

of the motions to amend and join. The true facts, partially concealed by this Court by Defendant Flowers, establish Plaintiff was in possession of an outdated 2000, not 2002, Distributor's Agreement, and that older document was the one from which he derived his quotes in his complaint and letters. Defendant absolutely cannot prove anything to the contrary, and when considering Defendant's practically insurmountable standard for proving fraudulent joinder, Defendant Flowers, by the standard set by this very District in 2003, cannot make any credible showing to support its position opposing remand.

> "The burden of proving fraudulent joinder rests with the defendant as the removing party. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. See *Parks v. New York Times Co.*, 308 F2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964); *see also Bolling*, 900 F. Supp. At 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff...In fact, 'the district court should resolve all questions of fact and controlling law in favor of plaintiff.' *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

*Clingan v. Celtic Life Ins. Co.*, 244 F. Supp.2d 1298, 1299 (M. D. Ala. 2003).

This Court, in accord with its 2003 *Clingan* decision, must review three factors in deciding the issue of fraudulent joinder.

> "...the removing party must show either (1) that there is **no possibility** the plaintiff could establish a cause of action against the resident defendant in a state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or, (3) that a diverse defendant is joined with a nondiverse defendant as to whom there is no joint several or alternative liability and the claim has **no real connection** to the claim against the nondiverse defendant...**If the removing party fails in an attempt to demonstrate the existence of a fraudently joined party, then the case must be remanded to state court.**"

*Id.* Herein, Defendant Flowers cannot meet this burden. Clearly, if the individual parties, named in Plaintiff's Motion to Amend and Motion to Join, are culpable for any of the specific underlying acts alleged (conversion, fraud, misrepresentation, negligence or wantonness), then a

cause of action may be alleged against that offending party in state court. Plaintiff has presented evidence of Defendant Messer being clearly and directly implicated in the counts of fraud, misrepresentation, conversion, negligence and wantonness contained within Plaintiff's complaint. Defendant Rhodes and Bordeau executed the contract signed by Plaintiff and thus are parties to the fraud, conversion, and negligence committed against him. Thus, Defendant Flowers cannot prevail on the first criteria.

As to the second and third criteria, there is no showing that Plaintiff "fraudulently plead" jurisdictional facts in state court. As noted in Exhibit "F," Defendant Flowers is an Alabama corporation licensed to conduct business in Alabama and its corporate documents are filed with the Alabama Secretary of State as a domestic corporation; its principal place of business is the State of Alabama with numerous delivery routes throughout the state; its officers reside in Alabama; and it employs Alabama citizens. Clearly Alabama has the right to exercise jurisdiction over this corporation and Plaintiff was well within his rights to allege the Circuit Court of Alabama as the proper jurisdiction for a lawsuit against Defendant Flowers. The third criteria is easily decided in Plaintiff's favor as all allegations against the individual defendants arise from the same facts and circumstances as those against Defendant corporation. In sum, Defendant Flowers cannot meet any burden of proving a fraudulent joinder herein.

    C.    **This Court may, in its discretion, entertain a Motion to Remand neglectfully filed one day late, and should this Court strictly enforce the time constraints within the removal statute, the Court may still order remand based on the need to join non-diverse defendants added due to discovery of post-removal evidence.**

Plaintiff regretfully admits that he miscalculated the thirty day requirement for remand in this cause. Undersigned counsel represents to this Court that he mistakenly and neglectfully

assumed, without bothering to specifically count the days, that there was thirty days–not thirty-one–between October 3, 2005 (the date of removal) and November 3, 2005 (the date of filing for remand). Counsel admits that, upon discovering the October 3, 2005 date of removal, he neglectfully circled the date of November 3, 2005 on his calendar for filing of remand. Counsel did not discover this mistake until he received Defendant's brief filed on November 22, 2005.

This Court may, however, entertain the motion to remand by considering "excusable neglect" as set forth in several federal rules, notably Fed. R. Civ. P. 6(b)(2) and Bankruptcy Rule 9006(b). The Court may, when appropriate, accept a late filing when it is caused by inadvertance, mistake or carelessness, and the Court may consider whether the client should be penalized for counsel's neglect.

Yet whether the Court entertains Plaintiff's Motion to Remand, it still has ample authority–indeed, it must–remand this case if it allows Plaintiff's Motion to Join any of the non-diverse Defendants added by the discovery of post-removal evidence.

### D. Remand serves judicial economy and prevents an unnecessary additional state lawsuit.

As previously noted, Plaintiff has sufficient cause and evidence to add non-diverse individual defendants, employed by Defendant Flowers, to this cause. Their actions arise out of the same exact facts, circumstances and occurrences as those involving Defendant corporation. They should thus be added to this complaint and the case remanded. The alternative will be that Plaintiff will file suit against these individual defendants in state court, and there will then be two cases–one state and one federal–proceeding simultaneously–one against the corporation and one against the individuals employed by the corporation. This would represent a waste of judicial resources; it would be burdensome upon Plaintiff as Plaintiff has not the financial resources of

the corporate defendant in this cause; and it would create a needless duplication of discovery and trial proceedings. For this reason, this case should be remanded.

## CONCLUSION

Due to post-removal discovery of new evidence implicating non-diverse individuals to be added to this case, remand is necessitated, and would prevent unnecessary duplication and waste of judicial resources. Defendant has failed to meet its burden of fraudulent joinder with regard to non-diverse persons to be joined to this complaint by joinder and amendment. For these reasons, this case should be remanded to the Montgomery County Circuit Court.

Respectfully submitted this the 29th day of November, 2005.

_____
Dan W. Taliaferro
Gregory L. Davis
Attorneys for Plaintiff

Greg L. Davis, Esq
Dan W. Taliaferro, Esq.
6987 Halcyon Park Drive
Montgomery, AL 36117

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing document by U. S. Mail, first class postage prepaid and properly addressed, on the 29th day of November, to the following:

Sandra B. Reiss, Esq.
OGLETREE, DEAKINS, NASH SMOAK & STEWART
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

_____
Dan W. Taliaferro