# EXHIBIT A



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| HENRY G. PORTERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: CV-05-2171 |
| | ) |
| FLOWERS BAKING COMPANY OF | ) |
| OPELIKA, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Henry G. Porterfield is over the age of nineteen (19) years and is a resident of Montgomery County, Alabama.

2. Defendant Flowers Baking Company of Opelika, L.L.C., on information and belief, is an Alabama corporation which does business by agent in Montgomery County, Alabama.

3. Fictitious Defendants "A" through "G" are the true and correct names of the named Defendants.

4. Fictitious Defendants "H" through "M" are those persons, firms, corporations or other business entities responsible for the acts alleged herein.

5. On or about July 3, 2000, Plaintiff and Defendant entered into a Distributor's Agreement whereby Plaintiff had the exclusive rights to distribute Flowers Baking Products within a designated territory located within Montgomery, Alabama.

6. On or about March, 2005, Defendant usurped Plaintiff's duties and obligations under the Distributor's Agreement, wrongfully began delivery of products to Plaintiff's exclusive customers, wrongfully began prohibiting Plaintiff from delivering Defendant's products to his customers, wrongfully began to call on and sell Flowers products to the companies located within

Plaintiff's exclusive territory, and wrongfully began charging Plaintiff for costs and expenses associated with the delivery of product to Plaintiff's exclusive customers. Moreover, prior to said date and continuing after, Defendant wrongfully supplied Plaintiff with out of code product and/or required Plaintiff to buy and/or sell out of code product to his customers.

7. The aforesaid actions of Defendant were without the permission of Plaintiff.

8. The aforesaid actions of Defendant violated the terms of the contract entered into between Plaintiff and Defendant.

## COUNT ONE
### (Breach of Contract)

9. Plaintiff hereby adopts and incorporates paragraphs 1 through 8 above as fully set forth above.

10. Defendants breached their Distributor's Agreement with Plaintiff by prohibiting Plaintiff from calling upon and servicing accounts within Plaintiff's exclusive territory and by supplying Plaintiff with out of code product.

11. As a proximate result of Defendant's breach, Plaintiff was injured and damaged in that he lost sales commissions and/or incurred vehicle rental expenses, drivers' salaries and expenses, and other unnecessary expenses and costs associated with Defendant's refusal to allow Plaintiff to fully service his accounts and customers, and Plaintiff was denied the benefit of his bargain.

WHEREFORE, premises considered, Plaintiff prays for compensatory damages in an amount equal to all commissions and profits Plaintiff would have received or made if Plaintiff had not been prohibited from servicing his accounts and customers, together with interest and cost.

## COUNT TWO
### (Misrepresentation)

12. Plaintiff hereby adopts and incorporates paragraphs 1 through 11 above as fully set forth above.

13. Defendant represented to Plaintiff that he was purchasing an exclusive right to territory to sell and distribute Flowers products within the territory specifically designated in the contract, and that Defendant would not allow any Defendant, any distributor or company, other than Plaintiff, to call on and distribute Flowers products to any customer within the exclusive territory Plaintiff purchased pursuant to the contract.

14. Defendant represented to Plaintiff that "...maintaining a fresh market is a fundamental tenet of the baking industry, and that "out of code" product, or baked goods that were older then their expiration date, was a material breach of the Distributor's Agreement. Defendant further represented to Plaintiff that the "product," to be provided by Defendant to Plaintiff for Plaintiff to sell, "shall mean fresh baked goods..." and that Plaintiff "...may not sell any product over code or product not in a salable condition to the general public." Defendant further represented to Plaintiff that Defendant would provide Plaintiff with fresh product not beyond code, that it would require Plaintiff to remove "all stale products," and would never require Plaintiff to sell beyond code product to the general public.

15. The said representations made by Defendant were false and were made intentionally with the knowledge of their falsity, recklessly, without knowledge, or innocently and by mistake.

16. In reliance on said misrepresentations, Plaintiff entered into a Distributor's Agreement with Defendant, and expended time, money, and effort working his route.

3

17. As a proximate result of Defendant's misrepresentations, Plaintiff was injured and damaged as follows:

A. He did not receive correct commissions for sales made within his exclusive route;

B. He was prohibited from making his own deliveries with his own equipment;

C. He was charged with drivers' salaries, vehicle rental expenses, and other costs and expenses of deliveries conducted by Defendant that are in excess of the costs and expenses Plaintiff incurred when he made his own deliveries;

D. He was given "out of code" or expired product to sell to customers;

E. He was required to sell "out of code" or expired product to customers in violation of his Distributor's Agreement;

F. His contract was terminated because of his concerns and complaints regarding out of code products;

G. He suffered mental anguish and emotional distress and was otherwise injured and damaged.

WHEREFORE, premises considered, Plaintiff prays for compensatory and punitive damages in excess of the jurisdictional limits of this Court together with costs.

## COUNT THREE
### (Negligence)

18. Plaintiff hereby adopts and incorporates paragraphs 1 through 17 above as fully set forth above.

19. Defendant negligently failed to abide by the terms of its agreement with Defendant by supplying Defendant with "out of code" or expired product, and/or by requiring Plaintiff to

deliver "out of code" or expired product to his customers and/or by usurping Defendant's duties and obligations under the contract causing him to incur unnecessary expenses and costs.

20. As a proximate result of Defendant's negligence, the Plaintiff incurred numerous expenses he otherwise would not have incurred, and Plaintiff lost profits and income due to him under the Distributor's Agreement, continues to lose profits, and will continue to lose profits.

WHEREFORE, premises considered, Plaintiff prays for compensatory and punitive damages in excess of the jurisdictional limits of this Court, together with costs.

## COUNT FOUR
### (Wantonness)

21. Plaintiff hereby adopts and incorporates paragraphs 1 through 20 above as fully set forth above.

22. Plaintiff was wantonly denied his rights under the Distributor's Agreement, was wantonly denied the ability to deliver product to his exclusive territory, was wantonly taxed and/or charged with unnecessary costs and expenses associated with Defendant prohibiting Plaintiff from servicing his exclusive customers, was wantonly provided with "out of code" or expired product, and was wantonly forced to market and sell "out of code" or expired product.

23. As a proximate result of Defendant's wantonness, Plaintiff lost revenues and profits, incurred unnecessary and burdensome expenses and costs, and will continue to incur unnecessary expenses and costs and suffer lost profits.

24. As a proximate result of Defendant's wantonness, Plaintiff suffered emotional distress, aggravation, humiliation, and mental anguish.

5

WHEREFORE, premises considered, Plaintiff prays for compensatory and punitive damages in excess of the jurisdictional limits of this Court, together with costs.

### COUNT FIVE

25. Plaintiff hereby adopts and incorporates paragraphs 1 through 24 above as fully set forth above.

26. On or about March, 2005, Defendant corporation converted to its own use the exclusive territory, as set forth and described in the July 3, 2000 Distributor's Agreement entered into between Plaintiff and Defendant, and all customers serviced by Plaintiff therein, and prohibited Plaintiff from servicing said customers.

27. The value of said contract and exclusive territory is in excess of the minimal jurisdictional amount of this Court.

28. As a proximate result of Defendant's wantonness, Plaintiff lost revenues and profits, incurred unnecessary and burdensome expenses and costs, and will continue to incur unnecessary expenses and costs and suffer lost profits.

29. As a proximate result of Defendant's wantonness, Plaintiff suffered emotional distress, aggravation, humiliation, and mental anguish.

WHEREFORE, premises considered, Plaintiff prays for compensatory and punitive damages in excess of the jurisdictional limits of this Court, together with costs.

*/s/ Greg L. Davis*
Greg L. Davis (DAV077)
Attorney for Plaintiff

OF COUNSEL:

The Law Offices of
Greg L. Davis
6987 Halcyon Park Drive
Montgomery, Alabama 36117
(334)832-9080

/s/ Dan W. Taliaferro
Dan W. Taliaferro (TAL006)
Attorney for Plaintiff

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 409-0545

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

/s/ Dan W. Taliaferro
OF COUNSEL