# EXHIBIT B



Case 2:05-cv-00937-MEF-TFM    Document 17-3    Filed 11/30/2005    Page 1 of 5

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| HENRY G. PORTERFIELD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.:_____ |
| FLOWERS BAKING COMPANY OF OPELIKA, L.L.C., | ) |
| Defendant. | ) |

## REQUEST FOR PRODUCTION TO DEFENDANT FLOWERS BAKING COMPANY OF OPELIKA, INC.

COMES NOW Plaintiff, pursuant to Rule 34 of the Alabama Rules of Civil Procedure and propounds the following production requests upon Defendant to be answered within the time requirements of said rule:

## DEFINITIONS

Please read and use the following definitions in answering the following interrogatories. **These definitions apply to all questions**, but they may occasionally be repeated or referenced in the questions for added emphasis or effect. The fact that these definitions are not repeated or mentioned in a specific question DOES NOT mean or imply that these definitions do not apply to that question.

I. The term "**you**" or "**yours**" applies to Defendant or Defendant's attorney, information gathered by Defendant's investigation or investigation initiated by Defendant's attorney, or any agent, servant, or employee of Defendant or Defendant's attorney.

II. "**Identify**" when used with respect to an individual means to state the person's full name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number, and present and past business affiliations or relationships, if any, with any of the parties to this action.

III. "**Describe**" when used with respect to any oral communication or statement, means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication or statements; and where each person was when such oral communication or statement was made.

IV.   An interrogatory or request for production asking you to "**state wherein you contend**" seeks the disclosure of each and every fact, circumstance, condition, statement, observation, and thing known to you, your agent, servant, employee, investigator, or attorney, as of the date the interrogatories are answered; full identification and description of the sources of such facts, circumstances, statements, conditions, observations and things, including but not limited to identification and description of each document relating to or referring to such fact, circumstances, statements, observations, condition or thing; and identification of each person having knowledge of such fact, circumstance, statement, observation, condition or thing.

V.   "**Produce**" shall mean to provide originals of the documents or things requested, or exact, accurate, legible, and intelligible copies of those documents or things requested.

## REQUESTS FOR PRODUCTION

1.  **Produce** any and all contracts entered into between Defendant and Plaintiff.

2.  **Produce** any and all Distributor's Agreements entered into between Defendant and Plaintiff.

3.  **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon any complaint about Plaintiff ever communicated to Defendant, its agents, officers or employees.

4.  **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon any breach by Plaintiff of the Distributor's Agreement entered into between Plaintiff and Defendant.

5.  **Produce** the personnel file of Plaintiff.

6.  **Produce** all letters written to any and all independent contractors, working for Defendant pursuant to a Distributor's Agreement during the past five years, informing any independent contractor he or she was in breach of any Distributor's Agreement.

7.  **Produce** all letters written to any and all independent contractors, working for Defendant pursuant to a Distributor's Agreement during the past five years, informing any independent contractor their Distributor's Agreement may be terminated or was being terminated.

8.  **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's policies and/or practices of freezing "out of code" products.

9. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's policies and/or practices of selling "out of code" products.

10. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's policies and/or practices of delivering "out of code" products to persons having a Distributor's Agreement with Defendant.

11. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's policies and/or practices of storing frozen "out of code" products.

12. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's policies and/or practices of storing and/or selling "out of code" products.

13. **Produce** all Freshness Codes posted on company bulletin boards for the years 2004 and 2005.

14. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's methods of determining the value or price of Plaintiff's territory contained within his July 3, 2000 Distributor's Agreement.

15. **Produce** any and all audiotape recordings, videotape recordings, written statements, letters, reports, notes, memorandum and other written or recorded documents and records related to, pertaining to, or touching upon Defendant's accounting, costs, expenses, and profits associated with Plaintiff's territory since July 3, 2000.

Respectfully submitted this the 16 day of August, 2005.

_____
Gregory L. Davis,
Attorney for Plaintiff   (DAV077)

Gregory L. Davis,
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL 36117

/s/ Dan W. Taliaferro
Dan W. Taliaferro (TAL006)
Attorney for Plaintiff



Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 409-0545