# EXHIBIT E



101 Simmon Street
Opelika, Al 36801
t 334.749.8257
f 334.749.0835


**Flowers Baking Co.**
of Opelika, LLC

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

<u>VIA REGULAR U.S. MAIL</u>

March 17, 2005

Mr. Henry Porterfield
67 Rosemary Drive
Montgomery, AL 36109

Re:   Distributor Agreement between Flowers Baking Co. of Opelika, LLC ("Company") and Henry Porterfield ("Distributor") dated March 11, 2002

Dear Mr. Porterfield:

This letter is in follow up to the conversation on March 16, 2005 and our letter to you of the same date. As we stated through conversation and in that letter, due to threats of physical violence you made to Director of Sales Grady Messer yesterday (3/16/05) you are not allowed to come back onto any company property until further notice. Also, Grady Messer told you yesterday we would operate your distributorship for you today (3/17/05). However, be advised that it is still your responsibility to service your distributorship or make acceptable alternative arrangements to ensure your customers are properly serviced.

As you are aware, you are currently under a ten (10) day curable breach of the Distributor Agreement as evidenced by letter dated March 7, 2005, the result of you being not permitted to service the Sodexo Troy State University account due to problems with your service to that customer. This ten (10) day period is scheduled to expire Tuesday, March 22, 2005.

Assuming you cure your failure of performance regarding the Sodexo account, we will offer to operate your distributorship for you until Saturday, March 26, 2005, to give you time to make arrangements to have someone load/unload your truck and perform whatever activities are necessary at the warehouse or other company property. In the meantime, we will continue to operate your distributor for you unless you notify us otherwise.

Further, again assuming you cure your failure of performance regarding the Sodexo account, I feel it is important to remind you of the numerous other problems we have encountered with your distributorship business (in addition to the issue described in the letter dated 3/7/05), some of which are listed below.

| | |
|---|---|
| February 3, 2005 | Customer complaint regarding service |
| January 7, 2005 | Customer complaint regarding service |
| December 6, 2004 | Customer complaint regarding service |
| July 16, 2004 | Failure to provide proper service and delivery |
| July 14, 2004 | Out of code product on market |
| June 3, 2004 | Customer complaint regarding service |
| April 7, 2004 | Failure to provide proper service and delivery |

| | |
|---|---|
| September 12, 2003 | Customer complaint regarding service |
| July 7, 2003 | Failure to provide proper service and delivery |
| March 23, 2003 | Failure to provide proper service and delivery |
| October 8, 2002 | Failure to provide proper service and delivery |
| May 29, 2002 | Failure to provide proper service and delivery |
| March 18, 2002 | Out of code product on market |

To be clear, we have in good faith attempted on numerous occasions to help you protect and maintain your distributorship business, yet your failure of performance has continued. Please be advised that should you refuse or otherwise fail to cure your current failure of performance, the Company may exercise its right to thereafter terminate your Distributor Agreement and you will have no further right to cure. You should be further advised that should we experience any future failure of performance on your part, that may be deemed to be a chronic failure of performance and in such case the Company may exercise its right to terminate your Distributor Agreement.

Please do not take lightly the seriousness of this situation. If you have any questions or if I can be of any assistance, please let me know.

Sincerely,

Michael Lord
Vice President of Sales