# EXHIBIT G



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY PORTERFIELD, | * | |
|     Plaintiff | * | |
| v. | * | |
| | * | |
| FLOWERS BAKING COMPANY OF | * | Case No. 2:05-cv-937-F |
| OPELIKA, LLC, GRADY MESSER, | * | |
| CALVIN RHODES, STEVE BORDEAU, | * | |
|     Defendants. | * | |

## AFFIDAVIT OF DOUG BRANCH

**STATE OF ALABAMA**

**MONTGOMERY COUNTY**

BEFORE ME, the undersigned authority, personally appeared Doug Branch, who being first duly sworn did depose and state under oath as follows:

1. "My name is Doug Branch. I am a resident, citizen of Montgomery County, Alabama and I am over the age of nineteen years."

2. "I have been an independent contractor with the defendant in this case, Flowers Baking Company of Opelika, LLC, since 1992. I operate a delivery route for an exclusive territory within the city of Montgomery, Alabama."

3. "If a customer on a route refuses to accept deliveries of Flowers products, this is known as a 'breach.' Under the distributor's agreement, the independent contractor is given ten business days to "cure" this breach and resume deliveries to the customer. During the thirteen years I have been working as an independent contractor for Flowers, I have had at least two breaches in which I received a letter advising me I had 10 days to cure the breach. On one of these occasions, I did not manage to cure the breach within the ten day

period required for curing the breach, as set forth in the standard distributor's agreement. I was not terminated. Instead, Flowers worked with me to cure the breach and did not threaten to terminate me even though I had exceeded the 10 day period for curing the breach."

4. "I am familiar with the breach involving Henry Porterfield and Troy State. I know Marcus Porterfield, the son of Henry Porterfield, who worked for Flowers, was available and willing to make the deliveries on Henry Porterfield's route until the breach with cured. Marcus was highly regarded by the employees and officers of Flowers and was well known to be their best 'pull-up man.' A 'pull-up man' is an employee who covers the routes of independent contractors when they have days off work. Marcus had worked for Flowers for approximately five years as of March of 2005. Because Henry Porterfield was prohibited, on March 16, 2005, from servicing his route until the breach with Troy State was cured, Henry had arranged with Marcus to make those deliveries for him, in accordance with Flower's directive that he '...make acceptable arrangements to ensure your customers are properly serviced.'"

5. "Instead of allowing Marcus Porterfield to service Henry's accounts and route, Flowers terminated him on March 16, 2005–the same day it informed Henry that he was prohibited from entering upon the company property or servicing his route. This made Henry's ability to service the route a practical impossibility due to the high costs Flowers charged Henry for assuming the duties of servicing his route."

6. "In my 13 years operating as an independent contractor with Flowers, I have been associated with approximately 25 independent contractors working with the company. I know several others from other locations. Breaches in service for these independent

contractors have not been uncommon, and Flowers previously always worked with the independent contractor to cure those breaches when they occurred, even if the breach extended past the ten day period. In this case involving Henry Porterfield, he was treated completely differently by Flowers. I have never known of another case, involving a breach, where Flowers terminated the independent contractor for a breach of a small account (such as the one with Troy State), assumed control of the contractor's route before the ten day cure period had expired, refused to allow the contractor's delivery truck on the company or warehouse premises, charged the contractor expenses for operating his route in excess of his income for the route, and disallowed the contractor from arranging for another experienced deliveryman to assume the duties of servicing the contractor's route."

7. "It is well known that Henry Porterfield's route was going to become more profitable for Henry as new grocery stores were opening within his exclusive territory. By taking the territory away from Henry Porterfield, Flowers will be able to sell it to another independent contractor at a significantly higher price than the price previously paid for that territory by Henry Porterfield."

8. "This affidavit is based upon my own personal knowledge and is true and correct to the best of my knowledge."

_____
Doug Branch

SWORN TO AND SUBSCRIBED BEFORE ME this the 28th day of November, 2005.

_____

Notary Public
My commission expires: August 10, 2009


_____
Dan W. Taliaferro
Counsel for Plaintiff Henry Porterfield


Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 409-0545
(334) 409-7001 Fax