IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY G. PORTERFIELD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-937-MEF |
| ) | |
| FLOWERS BAKING COMPANY OF ) | (WO-NOT FOR PUBLICATION) |
| OPELIKA, L.L.C., ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is now before the court on the Motion to Remand (Doc. # 7) filed by Plaintiff on November 3, 2005. Also pending before this court are two other motions filed by Plaintiff on that same day: Motion to Amend (Doc. # 8) and Motion to Join (Doc. # 9). These motions have been fully briefed and are ready for disposition by this court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff originally filed this action against the Defendant on August 23, 2005, in the Circuit Court of Montgomery County, Alabama. Plaintiff seeks unspecified punitive and compensatory damages for claims under Alabama law including: breach of contract, misrepresentation, wantonness, and conversion.

On October 3, 2005, Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441 asserting federal subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently filed a motion in which he challenges Defendant's assertion that complete diversity of citizenship existed between the parties at the time of removal. Additionally, Plaintiff seeks to

amend the Complaint to add parties who like Plaintiff are citizens of Alabama. The presence of those parties, should the amendment of the Complaint be allowed would destroy this court's subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## DISCUSSION

As an initial matter, the Court notes that federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Consequently, remand of removed cases is favored where federal jurisdiction is not absolutely clear. *See, e.g., Burns*, 31 F.3d at 1095; *Rayfield v. Nat'l Auction Group, Inc.*, 878 F. Supp. 203, 206 (M.D. Ala. 1995) ("Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand.") As the proponent of removal, Defendant has "the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). *Accord*, *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, 520 U.S. 1162 (1997) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Tapscott,* 77 F.3d at 1356 ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been

brought originally in federal court.") (citations omitted). Defendant argues that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship.

The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002). Indeed, one of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267(1806),[1] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time the action was filed and at the time of removal. *See, e.g., Stevens v. Nichols,* 130 U.S. 230, 231 (1889)*; Roecker v. U.S.*, 379 F.2d 400, 407 (5th Cir.), *cert. denied*, 389 U.S. 1005 (1967)[2]; *Brown v. Transouth Finan. Corp.,* 897 F. Supp. 1398, 1402 (M.D. Ala. 1995); *Goff v. Michelin Tire Corp.,* 837 F. Supp. 1143, 1144 (M.D. Ala. 1993).[3]

---

[1] Overruled on other grounds by 43 U.S. (2 How.) 497 (1844).

[2] In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[3] *See also* cases cited and commentary in Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE: Jurisdiction 3d § 3723, p. 574 ("The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of newly created diversity of citizenship.")

**A. Diversity Jurisdiction Over the Original Complaint**

That this case satisfies Section 1332(a)(1)'s requirement that the amount in controversy exceed $75,000 is not in dispute. The sole issue for resolution by this Court is whether Section 1332(a)(1)'s requirement that there be complete diversity of citizenship is satisfied. Plaintiff is alleged to be a citizen of Alabama. At the time the lawsuit was filed the sole named defendant was Flowers Baking Company of Opelika, LLC. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Flowers Baking Company of Opelika, LLC has one member - Flowers Foods Bakeries Group, LLC, a Georgia limited liability company. The sole member of Flowers Foods Bakeries Group, LLC is Flowers Foods, Inc., a Georgia corporation. Thus, under the analysis mandated by the Eleventh Circuit Court of Appeals in *Rolling Greens*, it is undisputed that Defendant is a Georgia citizen for purposes of diversity jurisdiction. Because the requirements for subject matter jurisdiction were satisfied at the time of removal, the Motion to Remand (Doc. # 7) is due to be DENIED to the extent that it argues that the original action should not have been removed.

**B. Plaintiff's Post-Removal Attempts to Amend the Complaint**

To the extent that Plaintiff's Motion to Amend (Doc. # 8)[4] and Motion to Join (Doc. #

---

[4] Plaintiff's Motion to Amend fails to comply with Rule 15.1 of the Local Rules of the United States District Court for the Middle District of Alabama for Civil and Criminal Cases. While failure to comply with this rule is not, in an of itself, a ground for denying relief under this rule, the court does expect and may require compliance with this rule from all those who practice in this court.

9) seek to add new parties, who may not be diverse in citizenship from Plaintiff, they constitute post-removal amendments which would destroy this Court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. §1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989). *Accord, Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton,* 51 F. Supp. 2d at 1312. *Accord, Hensgens,* 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001); *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).

### 1. Intent to Defeat Federal Subject Matter Jurisdiction

Where the amendment seeks to add nondiverse defendants, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were sought to be added for the purpose of keeping the case out of federal court. *See, e.g., Smith,* 229 F. Supp. 2d at 1280; *Bevels*, 100 F. Supp. 2d at 1313; *Sexton,* 51 F. Supp. 2d at 1312-14.

### 2. Dilatory Amendment

"Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add [the nondiverse defendant] to the case." *Smith,* 229 F. Supp. 2d at 1282. A plaintiff who waits months to seek to amend the complaint to add a known nondiverse party can be found to have been dilatory about seeking the amendment. *See, e.g., Smith,* 229 F. Supp. 2d at 1282. While a plaintiff may argue that discovery was necessary to confirm the proper identity of the resident defendant, a plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the identity of the resident defendant without discovery. *Sexton,* 51 F. Supp. 2d at 1314.

### 3. Lack of Injury or Prejudice to Plaintiff

Courts look to several factors when addressing whether a plaintiff will suffer any injury if the proposed diversity destroying amendment is denied. For example, a court may address whether a plaintiff will be able to obtain full relief on his claims without the presence of the nondiverse defendant. *See, e.g., Jerido,* 127 F. Supp. 2d at 1325; *Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the

6

nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the nondiverse defendant. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where plaintiff has the option of filing suit in state court against the resident defendants. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314.

### 4. Other Equitable Concerns

"In balancing the equities, the parties do not start out on an equal footing." *Bevels,* 100 F. Supp. 2d at 1313. *Accord, Jerido,* 127 F. Supp. 2d at 1326. The very purpose of the removal statutes is to give diverse defendants the right to choose between a state or federal forum. *Id. Accord*, *Hensgens*, 833 F.2d at 1181. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity." *Sexton,* 51 F. Supp. 2d at 1313.

The court has weighed and balanced these factors and finds that they balance in favor of denying the requested amendment to add parties and motion for joinder. Given that the court will not allow the proposed amendment and joinder, it also follows that the remaining grounds in Plaintiff's Motion to Remand are due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. # 7) is DENIED.

2. The Motion to Amend (Doc. # 8) is DENIED.

3. The Motion to Join (Doc. # 9) is DENIED.

DONE this the 1st day of May, 2006.

                                            /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE