IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY G. PORTERFIELD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-937-MEF |
| ) | |
| FLOWERS BAKING COMPANY OF ) | (WO-NOT FOR PUBLICATION) |
| OPELIKA, L.L.C., ) | |
| ) | |
| DEFENDANT. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the court on Motion to Expand Time to File Motion for Remand (Doc. # 18). On October 3, 2005, Defendant removed this case from the Circuit Court of Montgomery County, Alabama. On November 3, 2005, Plaintiff filed a Motion to Remand (Doc. # 7) in which he argues that this court lacks subject matter jurisdiction over this action because Plaintiff and Defendant are citizens of the same state and because the additional persons who Plaintiff seeks to add to the action are also citizens of the same state as Plaintiff. Defendant has opposed Plaintiff's Motion to Remand arguing, *inter alia,* that the Motion to Remand was untimely because it was not filed within thirty days of the removal. *See* Doc. # 13 at pp. 2-7. In response, Plaintiff filed the Motion to Expand Time to File Motion for Remand (Doc. # 18) seeking a one day enlargement of time so that the Motion to Remand would be "timely." Because the court finds that Plaintiff's Motion to Remand was timely filed, the Motion to Expand Time to File Motion for Remand (Doc. # 18) is DENIED as MOOT.

Defendant argues that 28 U.S.C. § 1447(c) required Plaintiff to seek remand of this case within thirty days of the filing of the notice of removal. Section 1447(c) provides, in pertinent part, that

> [a] motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If *at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* ...

28 U.S.C. § 1447(c) (emphasis added). Clearly, the defect urged by Plaintiff in his Motion to Remand is one of a lack of subject matter jurisdiction and not some other defect in the removal procedure. Plaintiff's Motion to Remand is not, therefore, subject to the thirty-day time limitation in 28 U.S.C. § 1447(c), which by its terms applies only to defects other than subject matter jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."). For this reason, the Motion to Remand was timely filed and the extension of time Plaintiff seeks is unwarranted.

DONE this the 1st day of May, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This distinguishes the case from Defendant's cited authorities which involved motions to remand addressing waivable procedural defects rather than subject matter jurisdiction. *See, e.g., Pavone v. Mississippi Riverboat Amusement Corp.,* 52 F.3d 560, 566-67 (5th Cir. 1995); *Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989).