UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HENRY G. PORTERFIELD** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO: 2:05-cv-937-MEF |
| ) | |
| **FLOWERS BAKING CO. OF** ) | |
| **OPELIKA, LLC.** ) | |
| ) | |

### ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of the *Joint Motion for Protective Order* (Doc. 32, filed February 6, 2007), it is

**ORDERED** that the *Joint Motion for Protective Order* is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. The Plaintiff and his counsel shall not give, show, or otherwise divulge proprietary or financial information, including route distributorship information, customer identification, product information, products sold, volume sold, sales information, including profit and losses, accounting figures, spreadsheets, and any and all other information regarding product development, product content, and sales, personnel files, medical information, confidential proprietary information or investigatory

1

    documents by Defendant, Flowers Baking Company of Opelika, LLC, as they pertain to individual route delivery persons, employees, present and former, produced in this action by the Defendant (hereafter called "protected documents"), or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the Plaintiff's counsel in connection with this action.  Each protected document described above be marked "Confidential."  Plaintiff and his counsel shall use the protected documents only for purposes of this litigation.

2. The employees, experts and consultants of the Plaintiff's counsel to which such protected documents are intended to be presented, shall first be presented with a copy of this Protective Order and instructed to read the same.  These employees, experts and consultants shall use said documents only for purposes of this litigation and shall not give, show or otherwise divulge any protected documents, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of the Court.

3. Any such protected documents filed with the Court shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the word "Confidential" and a statement substantially stating that

      the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

4. Upon completion of the trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, counsel for the Plaintiff shall certify in writing to the Defendant's counsel that it has destroyed all protected documents produced by the Defendant, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the plaintiff's counsel, except those comprising any appellate record or trial court record.

5. Before prior approval for further disclosure of protected documents is sought from the Court, counsel for the Plaintiff must confer with counsel for the defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

      DONE this 7th day of February, 2007.

      /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE