UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HENRY G. PORTERFIELD,** | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO: 2:05-cv-937-F |
| **FLOWERS BAKING CO. OF OPELIKA, LLC,** | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers"), pursuant to Rule 56 F. R. Civ. P., and moves this Court to grant summary judgment on all claims in Plaintiff's Complaint on the grounds that there is no genuine issue of material fact to be tried and summary judgment is appropriate as a matter of law. In support of its Motion, Defendant relies on its Evidentiary Submissions and Brief, filed concurrently herewith.

A.   **ALLEGED BREACH OF CONTRACT**

1.   Plaintiff's breach-of-contract claim regarding the termination of his Distributor Agreement is barred because the undisputed facts show that he did not perform in accordance with contract.

2.   Plaintiff's breach-of-contract claim regarding alleged "out-of-code" product is barred because the undisputed facts show that the product was not "out-of-code" and because Flowers exercised reasonable diligence to ensure customer needs were met in emergency situations.

3. Plaintiff's breach-of-contract claim regarding alleged "out-of-code" product is barred because his alleged damages are totally speculative, if not, non-existent.

4. Plaintiff's breach-of-contract claim regarding alleged "out-of-code" product is barred by the doctrine of estoppel.

5. Plaintiff cannot recover mental or emotional anguish damages or other non-contractual losses on a claim of breach-of-contract.

B. **ALLEGED FRAUDULENT MISREPRESENTATION**

1. Plaintiff's fraudulent misrepresentation claims are barred because such claims are not independent from the promises in the parties' Distributor Agreement.

2. Plaintiff's fraudulent misrepresentation claims also fail because the undisputed evidence shows that Plaintiff cannot present the requisite elements to present a case of fraud.

3. Plaintiff's fraudulent misrepresentation claim concerning alleged "out-of-code" product is barred by the applicable two-year statute of limitations.

4. Plaintiff's fraudulent misrepresentation claim concerning "out-of-code" product is barred by the doctrine of waiver and/or estoppel.

5. Plaintiff's fraudulent misrepresentation claim concerning alleged "out-of-code" product is barred because his damages are totally speculative.

C. **ALLEGED NEGLIGENCE**

1. Plaintiff's negligence claim concerning both alleged "out-of-code" products and the termination of his Distributor Agreement are barred because such claims involve mere failure to perform a contract, and do not provide a foundation for a tort action.

2.  Plaintiff's negligence claim also fails because Flowers acted in accordance with the parties' Distributor Agreement and Flowers otherwise exercised such care as a reasonably prudent and careful person under similar circumstances.

3.  Plaintiff's negligence claim concerning alleged "out-of-code" product is barred by the applicable two-year statute of limitations.

4.  Plaintiff's negligence claim concerning alleged "out-of-code" product is barred by the doctrine of waiver and/or estoppel.

5.  Plaintiff's negligence claim concerning alleged "out-of-code" product is barred because his alleged damages are totally speculative.

D.  **ALLEGED WANTONNESS**

1.  Plaintiff's wantonness claim concerning both alleged "out-of-code" product and the termination of his Distributor Agreement are barred because such claims involve mere failure to perform a contract, and do not provide a foundation for a tort action.

2.  Plaintiff's wantonness claim also fails because the undisputed evidence shows that Plaintiff cannot present the requisite elements to present a case of wantonness.

3.  Plaintiff's wantonness claim with respect to alleged "out-of-code" product is barred by the applicable two-year statute of limitations.

4.  Plaintiff's wantonness claim with respect to alleged "out-of-code" product is barred by the doctrine of waiver and/or estoppel and because his alleged damages are totally speculative.

E.  **ALLEGED CONVERSION**

1.  Plaintiff's conversion claim is barred because such claim involves only potential breach of contract, which does not give rise to an independent tort.

2.      Plaintiff's conversion claim also fails because the undisputed evidence shows that he cannot meet the requisite legal standard.

F.      **ADDITIONAL GROUNDS**

1.      Any alleged claim arising before March 11, 2002 is barred by the doctrine of release.

2.      Plaintiff's claim for punitive damages is not actionable because the undisputed evidence shows that Flowers did not consciously or deliberately engage in any oppression, fraud, wantonness, or malice.

3.      Plaintiff's damages both in tort and contract are barred by the doctrine of after-acquired evidence.

4.      Defendant should be awarded its legal fees and expenses associated with this litigation consistent with the language of the 2002 Distributor Agreement.

Respectfully submitted this 2nd day of July, 2007.

/s/ Kevin P. Hishta_____
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

Sandra B. Reiss (REI018)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North

        Birmingham, Alabama 35203-2118
        E-mail: Sandra.Reiss@ogletreedeakins.com
        (205) 328-1900
        (205) 328-6000 Fax

        Counsel for Defendant, Flowers Baking Co. of Opelika, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 2nd day of July, 2007, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Dan W. Taliaferro
6987 Halcyon Park Drive
Montgomery, AL  36117

        /s/ Kevin P. Hishta_____
        Kevin P. Hishta