# Tab A –

# DECLARATION OF STEVE BORDEAUX

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY G. PORTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 2:05-cv-937-F |
| | ) | |
| | ) | |
| FLOWERS BAKING CO. OF | ) | |
| OPELIKA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF STEVE BORDEAUX

I, Steve Bordeaux, having been duly sworn, hereby declare and state as follows:

1. I am currently the President of Flowers Baking Co. of Opelika, LLC ("Flowers"). I have held this position since January 2005. Prior to becoming President, I held the position of Vice President, which I assumed in 1991. Prior to becoming Vice President, I held several other positions. As President, I have overall responsibility for both the manufacturing and distribution operations of Flowers. As President, I also make final decisions with respect to employee terminations and termination of Distributor Agreements. I am familiar with the baking business and baking industry generally.

2. Flowers, headquartered in Opelika, Alabama, bakes and/or distributes various baked goods throughout west Georgia and central and south Alabama.

3. Flowers distributes such bakery products primarily through a direct-store-delivery ("DSD") system, i.e., directly to retail accounts such as grocery stores, restaurants and fast food businesses. This DSD system is comprised principally of a network of independent distributors. Henry Porterfield was a distributor for Flowers in the Montgomery area.

1

4. Flowers' brands include Nature's Own, Cobblestone Mill, and BlueBird. Flowers, through its distributors, also distributes non-Flowers' brands to fast food and restaurant accounts such as Burger King, Sonic, Krystal, Outback, and Chick-fil-A.

5. Flowers is a subsidiary of Flowers Foods, Inc., which is headquartered in Thomasville, Georgia. Flowers Foods is the parent company of numerous other baking subsidiaries. Flowers is organized as a limited liability company and operates as its own profit and loss center. Day-to-day decisions regarding Flowers' distributors are made by Flowers' management personnel, not by Flowers Foods' management.

6. In 1994, Flowers began utilizing independent distributors to distribute bakery products, instead of employee route salespersons. Under this business model, independent distributors are sold distribution rights to certain branded products of Flowers in a defined geographical area. The business model is premised on the belief that an independent distributor who owns distribution rights, with a vested equity interest, will have more entrepreneurial incentive than an employee to develop the business and generate additional sales.

7. Other subsidiaries of Flowers Foods had implemented the distributorship model prior to Flowers in 1994. Certain other major bakers also utilize this business model, including George Weston and Sara Lee.

8. Major chain accounts such as Winn-Dixie expect full service five days a week, *i.e.* delivery of the freshest product available on those days. The normal service days are Monday, Tuesday, Thursday, Friday, and Saturday. On Wednesdays and Sundays, it is acceptable to the major chain accounts to replenish the bread racks by pulling bakery products from a holding area in the back of the store.

9. The percentage of bun products put in Flowers freezers ranges from approximately one half percent to one and one quarter percent of Flowers' bun business.

10. I understand that at Mr. Porterfield's deposition, Mr. Porterfield admitted that while he was an independent distributor for Flowers he engaged in certain unauthorized accounting transactions from which he benefited financially. I also understand that Mr. Porterfield further admitted at his deposition that on some occasions he did not provide certain accounts product they should have received and that he benefited from these transactions as well. Had Mr. Porterfield admitted that he had stolen from his customers while he was still a distributor for Flowers and I was the President, Flowers would have terminated Mr. Porterfield's Distributor Agreement due to such misconduct constituting a non-curable breach under Section 16.2 of the Agreement.

I hereby declare under the penalty of perjury that the foregoing is true and correct according to my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

Executed on 27th day of June, 2007.

_____
Steve Bordeaux

Sworn to and subscribed before me
this the 27th day of June, 2007.

_____
Notary Public

My commission expires:_____
MY COMMISSION EXPIRES MARCH 4, 2011

3