# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2007 JUL 18 P 1: 41

| | | |
|---|---|---|
| **HENRY PORTERFIELD,** | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| **FLOWERS BAKING COMPANY OF** | * | **Case No. 2:05-cv-937-F** |
| **OPELIKA, LLC, GRADY MESSER,** | * | |
| **CALVIN RHODES, STEVE BORDEAU,** | * | |
| Defendants. | * | |

## PLAINTIFF'S MOTION TO EXTEND BRIEFING SCHEDULE

COMES NOW Plaintiff, by and through counsel, and moves this Court to extend the July 5, 2007 summary judgment briefing schedule six (6) days, and as grounds therefore, states as follows:

1.    Defendants filed for summary judgment herein on July 2, 2007.

2.    This Court, on July 5, 2007, issued an Order setting forth a briefing schedule and requiring Plaintiff to respond to Defendants' summary judgment brief on or before July 19, 2007.

3.    Previous to Defendants' filing for summary judgment, Plaintiff deposed defense witnesses Grady Messer, Don Atkins, Steve Bordeaux, and Michael Lord on May 7 and May 8, 2007. These depositions were followed by Defendants' deposition of Plaintiff on May 9, 2007.

4.    At said depositions taken May 7 and May 8, 2007, Plaintiff discovered certain accounting questions, relevant to the contract in issue in this case and particularly



relating to the issue of damages, breach of contract and fraud, were incapable of being answered by the witnesses presented by Defendants. The parties thereupon mutually agreed to schedule for later depositions additional defense witnesses, identified at that time as Jerry Woodham, the Comptroller of Defendant corporation, and Brad Alexander, the Regional Vice President of Defendant corporation.

5.    At said May 7 and 8, 2007 depositions, Defendant corporation Regional Vice President Jerry Woodham was identified by Defendant Grady Messer (Defendant corporation's Vice President of Sales) as that person "most knowledgeable" about Defendants' accounting practices relative to the valuation of Plaintiff's route and weekly account summaries. [See p.130 of Deposition of Grady Messer, attached hereto as "Exhibit A"].

6.    Defendant corporation Regional Vice President Jerry Woodham and Brad Alexander were not previously disclosed by Defendants in Defendants' initial disclosures or subsequent disclosure filings, and Plaintiff was unaware of their identity or importance until the depositions of May 7 - 9, 2007.

7.    At said depositions of May 7 - 9, 2007, Defendants stated their desire to conduct further discovery and requested the scheduling of depositions of Plaintiff witnesses Robert Porterfield and Marcus Porterfield.

8.    The dates for the depositions of these witnesses–both Plaintiff and Defense witnesses–were agreed upon prior to Defendants' filing for summary judgment.

9.     The earliest date upon which all four (4) attorneys were available for the depositions of Woodham, Alexander, and the Porterfields was July 16 and July 17, 2007, and the depositions of these witnesses were thus conducted on that date. Additionally, Defense witness Michael Lord was offered for a second deposition on July 17, 2007 to answer accounting and contract questions Defendants' proffered witness (Woodham) was incapable of answering.

10.    The testimony of these three witnesses, as given on July 16 and July 17, 2007, is relevant to the issues before this Court on Defendants' motion for summary judgment, and Plaintiff requires said testimony in order to properly respond to the arguments raised in Defendant's motion for summary judgement. Specifically, the testimony of these witnesses is relevant to the issues of the valuation of the contract in issue, on the issue of fraudulent practices alleged by Plaintiff, on the issue of specific and particular breaches of the contract alleged by Plaintiff, and on the issues of damages suffered by Plaintiff, all of which are issues raised in Defendants' motion for summary judgment.

11.    The court reporter on these July 16 and 17, 2007 depositions, Tracy Sadler of Haislip, Reagan Court Reporters, informed Plaintiff's counsel today, July 18, 2007, that she requires a minimum of at least one week–until July 24, 2007–to provide Plaintiff's counsel with copies of the depositions of the aforesaid witnesses.

12.    Discovery in this case is still ongoing and is not scheduled to be concluded, by this

Court's June 16, 2006 Amended Scheduling Order, until September 17, 2007.

13.   An expansion of the briefing schedule by six (6) days, requiring the filing of

Plaintiff's response brief and evidentiary materials on Wednesday, July 25, 2007,

will not inconvenience Defendants, will not unduly burden either party, and will

not unnecessarily delay the administration of this case.

14.   Counsel for Plaintiff has conferred with counsel for Defendant and said Defense

counsel is unopposed to this motion provided the Defense reply brief, presently

scheduled for submission July 26, 2007, be rescheduled for submission on or

before August 8, 2007, and counsel for Plaintiff is agreeable to this reasonable

request.

WHEREFORE, premises considered, Plaintiff prays this Court will expand the

briefing schedule in this cause by permitting Plaintiff to file his response and brief to

Defendants' motion for summary judgment on or before Wednesday, July 25, 2007.

Respectfully submitted this the 18th day of July, 2007.

Dan W. Taliaferro (TAL 006)
Gregory L. Davis
Attorneys for Plaintiff

Greg L. Davis, Esq
Dan W. Taliaferro, Esq.
6987 Halcyon Park Drive
Montgomery, AL 36117

CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I have served a copy of the foregoing document by U. S. Mail, first class postage prepaid and properly addressed, on the 18th day of July, to the following:

Kevin P. Hishta, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308


Sandra B. Reiss, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Dan W. Taliaferro