**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HENRY G. PORTERFIELD** )<br>)<br>  **Plaintiff,** )<br>)<br>vs. )<br>)<br>**FLOWERS BAKING CO. OF** )<br>**OPELIKA, LLC.** )<br>)<br>  **Defendant.** ) | **CASE NO: 2:05-cv-937-F** |

### DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF HENRY PORTERFIELD

COMES NOW Defendant, Flowers Baking of Opelika, LLC ("Flowers") and moves this Court to strike and refuse to consider certain portions of Plaintiff Henry Porterfield's Affidavit Testimony in support of his response to Defendant's Motion for Summary Judgment as contradictory of his deposition testimony, and inadmissible testimony such as improper speculation and conclusory assumptions. In support of this Motion, Defendant shows:

1. On July 2, 2007, Defendant filed a Motion for Summary Judgment. On July 26, 2007, Plaintiff filed his Response Brief. Plaintiff included with his Response a document entitled, "Affidavit of Plaintiff Henry Porterfield in Opposition to Summary Judgment" attached as Exhibit 5 to his Evidentiary Submission.

2. Fed.R.Civ.P. 56(e) requires that affidavits supporting or opposing a motion for summary judgment be based on personal knowledge and otherwise be admissible under the Federal Rules of

Evidence. These requirements are mandatory. *Gore v. GTE So., Inc.,* 917 F. Supp. 1564, 1570 (M.D. Ala. 1996); *Williams v. Hinge Co.*, 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).

3. Inadmissible evidence includes hearsay statements, mere opinion testimony, bald conclusions and speculative allegations. *Macuba v. Deboer*, 193 F.2d 1316, 1322-25 (11th Cir. 1999); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

4. An Affiant's statement concerning his or her own subjective beliefs is also inadmissible. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995).

5. Similarly, speculative allegations regarding another's motives and activities will not create a genuine issue of material fact under Fed.R.Civ.P. 56. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

6. Most importantly in this case, affidavit testimony which contradicts deposition testimony is considered a "sham." *Van T. Junkins and Associates Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

> Under the facts as presented, we agree with the district court that the affidavit constituted a sham. When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Id. at 658.*

Plaintiff's Affidavit must be considered a sham affidavit as it presents testimony which directly contradicts his deposition testimony.

7. The objectionable portions of the Plaintiff's proposed "Undisputed Facts" drawn largely from his Affidavit testimony are set forth below, along with specific grounds for striking each statement.

> *<u>Henry Porterfield Affidavit ¶ 6:</u>* **. . . I was not forced to deliver frozen goods by Flowers, but I was told to deliver frozen goods by management. If I did not and a customer did not receive its bread products, I knew Flowers would treat that as a breach of my Distributor's Agreement and use that as an excuse to terminate my contract.**

This statement should be stricken as it is speculative, a bald conclusion and based on a hypothetical. As Plaintiff clearly states, he was never forced to deliver product out of the freezer, and in fact, there is no evidence he ever refused to do the same. (Pl. Dep., p. 214, lines 12-14, Tab B)[1] As such, Plaintiff's conclusion that his contract would have been terminated for doing so is based on a hypothetical and is totally speculative and thus, inadmissible.

> *<u>Henry Porterfield Affidavit ¶9</u>* **: My delivery truck had busted a hose and would not run. It subsequently had to be towed away from repairs. I only had about 10 minutes to make the delivery by the time I realized the seriousness of the problem with my delivery truck and realized I could not repair it to make the delivery on time. No one I knew, and no other distributor delivering for Flowers, could have made it to my truck's location, unloaded the bread from my truck, loaded it onto another truck and driven it to Sodexho TSUM in 10 minutes. It would have taken anyone at least 25 minutes just to reach me, so it was impossible for me – or anyone–to make a timely delivery of my bread to Sodexho TSUM on March 3, 2005, after my truck broke down. At the time my truck broke down, no other deliveryman would have been available to make this delivery. That is why the delivery of bread to Sodexho TSUM was not timely made on March 3, 2005.**

This testimony entirely contradicts Plaintiff's deposition testimony about the events which occurred on March 3, 2005, regarding his failure to make the delivery to Troy State. The following affidavit statements are completely contradicted by Plaintiff's deposition testimony:

(1) "I had only ten minutes to make the delivery by the time I realized the seriousness of the problem with my delivery truck". In his deposition, Plaintiff repeatedly states that he **<u>never</u>**

---

[1]Defendant will rely on the same Tab letters and identification used in its Brief in Support of Summary Judgment and Evidentiary Submission.

**thought about the delivery** to Sodexho after his truck broke down.  In fact, he testified that he forgot about the delivery, and thus, never called Sodexho, Flowers or another distributor that day. (Pl. Dep., p. 284, line. 23 to p. 285 line 9, p. 286, lines 22-23, p. 287, lines 1-15, p. 296, lines 5-10, Tab B)

(2) "No one I knew and no other distributor for Flowers, could have made it to my truck's location, unloaded the bread from my truck, loaded it onto another truck and driven it to Sodexho. . . . "  Again, based on Plaintiff's testimony that he did not think about the Sodexho delivery after his truck broke down and called no one to help him, this statement is totally speculative, based on a bald conclusion and more importantly, false.  (Pl. Dep., p. 284, line. 23 to p. 285 line 9, p. 286, lines 22-23, p. 287, lines 1-15., p. 296, lines 5-10, Tab B)  Plaintiff, by his own admission, has no idea whether another distributor, or Flowers' personnel could have made the delivery had he called anyone when his truck broke down.

(3) "It would have taken anyone at least 25 minutes just to reach me, so it was impossible for me – or anyone–to make a timely delivery of my bread to Sodexho TSUM on March 3, 2005, after my truck broke down.  At the time my truck broke down, no other deliveryman would have been available to make this delivery."  Based on the fact that Plaintiff made absolutely no attempt to contact anyone about helping him with the delivery because he was not thinking about the delivery once his truck broke down, Plaintiff has no basis for assuming where other distributors might have been in reasonable proximity to his truck or the delivery or even whether Flowers' personnel could have made the delivery. (Pl. Dep., p. 284, line 23 to p. 285, line 9, p. 286, lines 22-23, p. 287, lines 1-15, p. 296, lines 5-10, Tab B)

This testimony also completely contradicts Plaintiff's deposition testimony as he made no attempts to have anyone deliver the bread to Sodexho and thus, he could not have possibly known where other distributors might be located or if the delivery could have been made on time or a few minutes late. As such, this affidavit testimony should be considered "sham" testimony. *Van T. Junkins and Associates Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

> *<u>Henry Porterfield Affidavit ¶1:</u> . . . "She did tell me I could resume my deliveries and she also said she would begin receiving deliveries from another bread company at the same time she was taking my deliveries from Flowers."*

This testimony is directly contradicted by Plaintiff's deposition testimony. At one point, Plaintiff testified initially a representative from Sodexho stated she would let him deliver bread in conjunction with a competitor and he never recovered the whole account. (Pl. Dep., p. 301, lines 16-20, Tab B). At another point in his deposition testimony, Plaintiff stated that he was kicked out of the Sodexho account and told other distributors the same. " I discussed that I had lost a Sodexho account and I tried to get it back, and I didn't". (Pl. Dep., p. 42, lines 14 to 21, Tab B) While Plaintiff's own deposition testimony contradicts itself, it certainly contradicts his affidavit testimony and should be considered "sham" testimony. *Van T. Junkins and Associates Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

> *<u>Henry Porterfield Affidavit ¶12:</u> . . . "This meant that the amount of deliveries on my route would greatly increase and my route would be dramatically more profitable. I personally know Flowers was aware of these two new stores."*

Plaintiff's supposition and assumptions as to what would happen on his route is inadmissible speculation. Moreover, he does not state how he "personally knew" that "Flowers" was aware of the two new stores and thus, this statement is also inadmissible. *Edwards v. Wallace Community*

*College*, 49 F.3d 1517, 1522 (11th Cir. 1995). *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

> ***Henry Porterfield Affidavit ¶16***  *: "On the same day I was barred from the warehouse, Marcus was also banned from the warehouse by Flowers and he was thus prevented from running my route. It was clear to me that Flowers was going to making (sic) it impossible for me to run my route."*

This testimony also contradicts Plaintiff's deposition testimony. Plaintiff testified that he asked his son to videotape the freezer on Flower's premises and was aware that was why his son was asked not to return to the premises. (Pl. Dep., p. 314, lines 11-16; p. 315, lines 11 to 20, Tab B). As such, his statement that " it was clear . . . that Flowers was going to making (sic) it impossible for me to run my route" contradicts Plaintiff's own instruction to his son to surreptitiously videotape on the Flowers' premises and knew why he was asked to leave the premises. The statement should also be struck because Plaintiff cannot assume another's motives as to why he never recovered his route as speculation regarding another's motives and activities will not create a genuine issue of material fact under Fed.R.Civ.P. 56. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

> ***Henry Porterfield Affidavit ¶ 19*** *. . . "Flowers is intentionally running my route in such a manner, and with such questionable and improper accounting practices, so as to ensure my route loses money, or at a minimum, to make it appear as though it is losing money through the use of false and improper accounting practices.*

Again, Plaintiff has no personal basis for assuming that Flowers is "intentionally running his route in such a manner. . . as to make it appear as though it is losing money through the use of false and improper accounting practices." Plaintiff does not identify any "false" or "improper accounting practices" and instead again relies on speculation and the assumed motivations of others which is

not admissible evidence. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

WHEREFORE, Premises Considered, based on the Fed.R.Civ.P. and *Van T. Junkins, supra.,* these portions of Plaintiff's affidavit (Exhibit 5 to Plaintiff's Evidentiary Submission) are due to be stricken and as such Plaintiff cannot set forth a dispute of fact on the issues alleged herein.

/s/Sandra B. Reiss
Sandra B. Reiss (ASB-3650-s80s)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Email: sandra.reiss@odnss.com
Ph.  205-328-1900; Fax: 205-328-6000

Kevin P. Hishta, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
Bank of America Plaza
600 Peachtree Street, N.E.
Suite 2100
Atlanta, GA   30308
Email: kevin.hishta@odnss.com

*Counsel for Defendant,*
*Flowers Baking Co. of Opelika, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I e-filed the foregoing Motion to Strike the Affidavit of Henry Porterfield on this 8nd day of August, 2007 via this Court's CM/ECF system, and that the Clerk will send Notice and a Copy of the same to: Greg L. Davis, Esquire, and Dan Taliaferro, Esq.

                        /s/Sandra B. Reiss
                        Sandra B. Reiss