**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HENRY G. PORTERFIELD** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO: 2:05-CV-937-F** |
| ) | |
| **FLOWERS BAKING CO. OF** ) | |
| **OPELIKA, LLC.,** ) | |
| ) | |
|     **Defendant.** ) | |

### DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF CHARLES MORROW

COMES NOW Defendant, Flowers Baking of Opelika, LLC ("Flowers") and moves this Court to strike and refuse to consider certain portions of the Affidavit of Charles Morrow, Exhibit 2 to Plaintiff's Evidentiary Submission, in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment because it contains improper speculation, hearsay and conclusory assumptions. In support of this Motion, Defendant shows:

1. On July 2, 2007, Defendant filed a Motion for Summary Judgment. On July 26, 2007, Plaintiff filed his Response Brief. Plaintiff included with his Response a document entitled, "Affidavit of Charles Morrow" attached as Exhibit 2 to his Evidentiary Submission.

2. Fed.R.Civ.P. 56(e) requires that affidavits supporting or opposing a motion for summary judgment be based on personal knowledge and otherwise be admissible under the Federal Rules of Evidence. These requirements are mandatory. *Gore v. GTE So., Inc.,* 917 F. Supp. 1564, 1570 (M.D. Ala. 1996); *Williams v. Hinge Co.*, 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).

3. Inadmissible evidence includes hearsay statements, mere opinion testimony, bald conclusions and speculative allegations. *Macuba v. Deboer*, 193 F.2d 1316, 1322-25 (11th Cir. 1999); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

4. An Affiant's statement concerning his or her own subjective beliefs is also inadmissible. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995).

5. Similarly, speculative allegations regarding another's motives and activities will not create a genuine issue of material fact under Fed.R.Civ.P. 56. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

6. The objectionable portions of Charles Morrow's proposed "Undisputed Facts" drawn largely from his Affidavit testimony are set forth below, along with specific grounds for striking each statement.

> *Morrow Affidavit ¶ 3: . . . Flowers usually works very hard with you to "cure" the breach and help you resume your deliveries. That is what they have always have (sic) done as far as I know. In Henry's case it was different. Flowers did not help him. In fact, Flowers worked to make sure he would not cure his breach, then they terminated him. I have never heard of another independent contractor being treated like that."*

This statement should be stricken as it is speculative on its face, in using the words "as far as I know." Moreover, Morrow gives no basis for personal knowledge that Flowers did not assist Plaintiff in curing his breach. In fact, this assertion is clearly contradicted by undisputed Fact # 52 in Defendant's Statement of Undisputed Facts wherein Steve Stephens attempted to help Plaintiff get back into the Sodexho account. (Stephens Decl. ¶¶ 2,6, 7, Tab D) Morrow also gives only a conclusionary, subjective, assumption that Flowers "worked to make sure he would not cure his breach, then they terminated him." This type of statement is not admissible as it is a classic assumption of another's motives, and a bald assumption not based on any facts especially when it

is followed by the statement "I never **heard of** another independent contractor being treated like that" which suggests that Morrow's knowledge is not first-hand or personal but based on hearsay or assumption.  *Macuba v. Deboer*, 193 F.2d 1316, 1322-25 (11th Cir. 1999); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995); *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

> ***Morrow Affidavit ¶4 :.  . .  From the way Grady Messer acted around Henry Porterfield, I know that Messer did not like him.  Most of this problem started more than a year ago, around the time we hear that Publix and Walmart were going to be adding new locations to Henry's routes or not long after.  I have heard Grady Messer state that he was going to find a way to get Henry terminated and get his route back.  He said that last year before all the trouble between Henry and Messer began this year.  I also know Grady was angry about Henry complaining over Flowers making us deliver out of date product to our accounts.  He said to stop complaining or he would regret it or words like that. . . .***

Again, this statement is inadmissible for a variety of reasons.  Morrow's statement about how Messer "acted" around Plaintiff is not based on any given facts and is subjective in nature and speculative regarding another person's motivations.  This is clearly inadmissible testimony.  *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

Further, any mention of what Messer might have said is hearsay as Morrow was not an employee of Flowers, but an independent distributer and Messer, by Plaintiff's own admission, was not the decisionmaker regarding the termination of Plaintiff's contract.  *See*, Defendant's Statement of Material Facts, #26 which is consistent with Defendant's Statement of Material Facts # 59.  As such, any alleged statements by Messer contained in Morrow's Affidavit, especially those he cannot clearly remember, are hearsay.

WHEREFORE, Premises Considered, based on the Fed.R.Civ.P. these portions of Charles Morrow's affidavit (Ex. 2 to Plaintiff's Evidentiary Submission) are due to be stricken and as such Plaintiff cannot set forth a dispute of fact on the issues cited therein.

/s/Sandra B. Reiss
Sandra B. Reiss (ASB-3650-s80s)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Email: sandra.reiss@odnss.com
Ph.  205-328-1900; Fax: 205-328-6000

and

Kevin P. Hishta, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
Bank of America Plaza
600 Peachtree Street, N.E.
Suite 2100
Atlanta, GA   30308
Email: kevin.hishta@odnss.com

*Counsel for Defendant,*
*Flowers Baking Co. of Opelika, LLC*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I e-filed the foregoing Motion to Strike the Affidavit of Charles Morrow on this 8th day of August, 2007 via this Court's CM/ECF system, and that the Clerk will send Notice and a Copy of the same to: Greg L. Davis, Esquire, and Dan Taliaferro, Esq.

                                      /s/Sandra B. Reiss
                                      Sandra B. Reiss