IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY PORTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:05-CV-937-MEF |
| ) | |
| FLOWERS BAKING COMPANY OF ) | |
| OPELIKA, LLC, ) | |
| ) | |
| Defendant. ) | |

## OBJECTIONS TO PLAINTIFF'S REVISED EXHIBIT LIST FILED ON JANUARY 23, 2008

COMES NOW Defendant Flowers Baking Company of Opelika, LLC, ("Flowers" or "Defendant") and, pursuant to this Court's Second Amended Scheduling Order, files its objections to Plaintiff's "Final Exhibit List" as follows[1]:

**Plaintiff's Exhibit No. 3**

3. Video Tape of freezer taken by Marcus Porterfield.

**OBJECTION**: Marcus Porterfield made this video in violation of Defendant's policies and it is irrelevant to the remaining issue before the Court which is the termination of Plaintiff's contract. The remaining tort claims and any claims related to out-of-code product (which is what was allegedly videotaped by Mr. Porterfield) arising either in tort or contract have been dismissed by the Court in its Memorandum Opinion and Order entered December 12, 2007.

---

[1] Defendant will utilize the number of the item objected to as listed on Plaintiff's Exhibit List.

Additionally, Mr. Porterfield is not a professional videographer, and it is also unclear where the tape has been for at least a year (per Mr. Marcus Porterfield's testimony) and thus, whether it has been tampered with and thus, it cannot be properly authenticated pursuant to Fed.R.Evid. 901. Also, Defendant objects to the video tape to the extent that Plaintiff is seeking to turn a breach of contract claim into a consumer claim against Defendant and objects that the video is unduly prejudicial, could lead to confusion of the issues before the jury and constitutes a waste of time under the Federal Rules of Evidence. The video tape also constitutes hearsay under Fed.R.Evid. 801. See Defendant's Motion in Limine filed contemporaneously herewith.

**Plaintiff's Exhibit No. 4**

4. Examples of "Product" which Flowers distributes. Breads, buns and cakes which are distributed by Flowers.

**OBJECTION:** Defendant objects to the extent that the presentation of an actual product is irrelevant to Plaintiff's sole remaining claim before this Court, the termination of Plaintiff's contract due to his failure to cure his breach with Sodexho. Defendant also objects to this exhibit on the basis that it is vague First, Plaintiff does not state with any specificity which "products" he is going to introduce such as brand name, origin of product, specific product name or how long he has kept the product. Plaintiff may attempt to introduce an old or damaged product which would not have been included on his route sales and would therefore be highly prejudicial to the Defendant as Plaintiff attempts to convert his breach of contract case into a consumer complaint.

Defendant reserves its right to object to any of the exhibits on Plaintiff's Final Exhibit List on the grounds of relevancy and materiality to Plaintiff's claims depending on the purpose for which they are introduced.

Respectfully submitted,

/s/ Sandra B. Reiss
Sandra B. Reiss
Alabama Bar No. ASB-3650-s80s
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
(205) 328-1900
(205) 328-6000 Fax

and

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

Counsel for Defendant, Flowers Baking Co. of Opelika, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that on this 31ST day of January 2008, I electronically filed the foregoing *Objections to Plaintiff's Revised Exhibit List* with the Clerk of the Court using the CM/ECF system which will send notification of such filing attaching thereto a full and complete copy of the same to:

  The Law Offices of
  Greg L. Davis
  6987 Halcyon Park Drive
  Montgomery, AL  36117

  Dan W. Taliaferro
  Attorney at Law
  6987 Halcyon Park Drive
  Montgomery, AL  36117

            /s/ Sandra B. Reiss
            Sandra B. Reiss