**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HENRY G. PORTERFIELD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO: 2:05-CV-937-MEF** |
| | ) | |
| **FLOWERS BAKING CO. OF** | ) | |
| **OPELIKA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO STRIKE**
**"ME TOO" EVIDENCE**

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers") and moves this Court, pursuant to the Court's Order Entered October 16, 2007, to exclude any "me too" evidence from other former or present independent distributors at the trial of this matter. Defendant submits that this Motion is due to be granted for the following reasons:

Defendant anticipates that Plaintiff may seek to offer his own testimony or that of other distributors who contend they have been the victims of unfair treatment or discipline by Flowers. This supposition is supported by the fact that Plaintiff lists other former or current independent distributors on his witness list. Plaintiff should be excluded from presenting any supposed "pattern and practice" or "me too" evidence about other distributors because such vague assertions do not have any relevance to the Plaintiff's claims. Further, such evidence should be excluded because it would be unfairly prejudicial to the Defendant, and it would unduly delay the trial by causing a series of mini-trials within the trial.

Plaintiff has already attempted to produce such evidence through the affidavit of former independent distributor Charles Morrow as evidenced by the following statements in Morrow's affidavit submitted in Opposition to Defendant's Motion for Summary Judgment.

> **_Morrow Affidavit ¶ 3:_** . . . *Flowers usually works very hard with you to "cure" the breach and help you resume your deliveries. That is what they have always have (sic) done as far as I know. In Henry's case it was different. Flowers did not help him. In fact, Flowers worked to make sure he would not cure his breach, then they terminated him.* <u>*I have never heard of another independent contractor being treated like that.*</u>"

> **_Morrow Affidavit ¶ 4 :_**. . . *From the way Grady Messer acted around Henry Porterfield, I know that Messer did not like him. Most of this problem started more than a year ago, around the time we hear that Publix and Walmart were going to be adding new locations to Henry's routes or not long after. I have heard Grady Messer state that he was going to find a way to get Henry terminated and get his route back. He said that last year before all the trouble between Henry and Messer began this year. I also know Grady was angry about Henry complaining over Flowers making us deliver out of date product to our accounts. He said to stop complaining or he would regret it or words like that.* . .

These statements based on speculation and assumption are exactly the type of statements the case law holds should be excluded at trial. They do not provide a basis for Morrow's personal knowledge, and compare Plaintiff to persons and circumstances unknown and, therefore, assumably completely dissimilar to the acts performed by Plaintiff.

## 1.    Irrelevance

Courts hold that "me too" evidence is properly excluded when it does not directly relate to the issues at hand. <u>See</u> <u>Wyvill v. United Cos. Life Ins. Co.</u>, 212 F.3d 296, 302 (5th Cir. 2000)("This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of

whether age was a determinative factor in the plaintiff's discharge."), cert. denied, 531 U.S. 1145 (2001); Goff v. Continental Oil Co., 678 F.2d 593, 597 (5th Cir. 1982)(plaintiff not allowed to introduce testimony of three other employees alleging discrimination because such testimony did not relate to whether the *plaintiff* had suffered discrimination), overruled on other grounds; Carter v. South Central Bell, 912 F.2d 832 (5th Cir. 1990); Swanson v. General Services Administration, 110 F.3d 1180, 1190 (5th Cir. 1997)(affirming the exclusion of testimony from witnesses who did not work in plaintiff's office where their anecdotal accounts of discrimination were based on speculation), cert denied, 522 U.S. 948 (1997); Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 156 (6th Cir. 1988)(finding that testimony from former employees who worked in different offices from plaintiff and under different supervisors was irrelevant to plaintiff's age discrimination claim and was unfairly prejudicial because it focused attention on "totally unrelated events").

Evidence of alleged unfair treatment of other independent distributors by Flowers must be excluded under Fed.R.Evid. 401 and 402 unless there is a logical or reasonable connection to the decision at hand. Any such testimony to be offered here by Plaintiff is either remote in time or would involve different circumstances from that of the Plaintiff, including different decision makers. Absent some showing that the circumstances of other distributors were substantially similar to the plaintiff in all relevant respects, the evidence related to the treatment of other distributors must be excluded. Wyvill, 212 F.3d at 302.

## 2.    Unfair Prejudice and Other Concerns

Even if any "me too" or "pattern and practice" evidence relating to other independent distributors was found to be relevant, it should be excluded pursuant to Fed.R.Evid. 403, because any probative value of that evidence is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, and the possibility of unduly delaying the conducting of the trial.  See, e.g., McWhorter v. Birmingham, 906 F.2d 674, 679 (11th Cir. 1990), reh'g denied, 917 F.2d 570 (11th Cir. 1990)(affirming trial court's exclusion of testimony of three co-employees allegedly harassed and intimidated by the same police chief because any probative value of the evidence was substantially outweighed by "its ability to confuse and mislead" "could have resulted in a series of mini-trials centering on the employment history of each officer"); Ramos-Melendz v. Valdejully, 960 F.2d 4, 6 (1st Cir. 1992)(affirming exclusion of testimony about alleged discrimination against other employees of defendant "on the ground that for their testimony to be significant it would be necessary in effect to try their cases, as well as the plaintiff's"); Harpring v. Continental Oil Co., 628 F.2d 406, 410 (5th Cir. 1980)("me-too" evidence properly excluded to avoid "trying another lawsuit within the existing lawsuit"), cert. denied, 454 U.S. 819 (1981); Moorhouse, 501 F.Supp. 390 (E.D. Pa. 1980)(excluding testimony of six witnesses in part because the employer would have been forced, in effect, to try all six cases); Haskell v. Kaman Corp., 743 F.2d 113, 120 (2d Cir. 1984)(any probative value of testimony of former company officers concerning their terminations were substantially outweighed by the prejudicial nature of the testimony).

Plaintiff has failed to draw a connection between his particular remaining claim of breach of contract and those of any other former or current independent distributors.  Therefore, any such irrelevant and prejudicial "me too" evidence must be excluded.

**WHEREFORE**, the Defendant respectfully requests that the Court grant the Defendant's Motion in Limine regarding "Me Too" evidence.

/s/ Sandra B. Reiss
Sandra B. Reiss
Alabama Bar No. ASB-3650-s80s
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail:  Sandra.Reiss@odnss.com
(205) 328-1900
(205) 328-6000 Fax

and

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

Counsel for Defendant, Flowers Baking Co. of Opelika, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2008, I electronically filed the foregoing *Motion in Limine* with the Clerk of the Court using the CM/ECF system which will send notification of such filing attaching thereto a full and complete copy of the same to:

The Law Offices of
Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL  36117

/s/ Sandra B. Reiss
Sandra B. Reiss