### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **HENRY PORTERFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **2:05-CV-937-MEF** |
| | ) | |
| **FLOWERS BAKING COMPANY OF** | ) | |
| **OPELIKA, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE REGARDING THE FREEZER AND ANY CLAIMS ALREADY DISMISSED

COMES NOW Defendant Flowers Baking Company of Opelika, LLC ("Flowers" or "Defendant"), and moves this Court, pursuant to the Court's Order Entered October 16, 2007, to exclude the following subjects of evidence from being offered at the trial of this matter: (1) any evidence regarding the freezer formerly used at the Defendant's Montgomery warehouse for limited restaurant products, including the reasons for freezing such items, length of storage of such items, recoding of such items, and customer notification; and (2) any evidence relating to claims that have already been dismissed by the Court. Defendant submits that this motion is due to be granted for the following reasons:

**A.    Plaintiff Should Not be Allowed to Introduce Evidence Regarding the Freezer**

1.    Plaintiff's Complaint alleged claims for breach of contract, negligence, and wantonness because he delivered a small amount of product to restaurants that had been kept in a

freezer at the Montgomery warehouse location. Specifically, Plaintiff alleged that Defendant breached his contract and committed the aforementioned torts by supplying him with "out of code product," which he referred to as product maintained in the freezer.

2.      Defendant filed a Motion for Summary Judgment on these claims and prevailed. On December 12, 2007, this Honorable Court granted Defendant's Motion for Summary Judgment on the issue of breach of contract related to "out of code" product holding in Section I.(A)(i) of the Memorandum Opinion and Order that Plaintiff could not establish more than speculative damages to his claim for breach of contract with regard to this claim. "The Court need not decide arguments (1) and (2) because it finds that Porterfield's claim of breach, to the extent that it is based on Flowers' provision of frozen product, is barred because his alleged damages are speculative. To the extent, therefore, that Porterfield seeks damages from Flowers for providing him with allegedly "out-of-date" product, Flowers' Motion for Summary Judgment is due to be GRANTED, …" (Memorandum Opinion and Order, p. 9). This Court added, "To the extent Porterfield seeks compensation for actual losses incurred during his distributorship due to being 'forced' to provide frozen bread, he has provided no evidence thereof, nor even alleged that they exist. Because Porterfield has failed to show any damages beyond mere speculation, therefore, summary judgment on Porterfield's breach of contract claim, to the extent that it alleges a violation via provision of "out-of-date" frozen product, is due to be GRANTED." (*Id*. at 10.) Similarly, the Court granted Defendant's Motion for Summary Judgment on Plaintiff's tort claims related to "out of code" product, "For the reasons concerning speculative damages discussed in Part A.i., the tort claims regarding "out of code" product fail as a matter of law and summary judgment is due to be GRANTED." (*Id.* at 24.)

3.      Additionally, any evidence regarding products from the freezer should not be introduced to calculate the worth of Plaintiff's distributorship or any other monetary damages, as Plaintiff testified he never lost any monies due to delivery of this product and admitted any damages on this issue would be speculative.  Additionally, the value of Plaintiff's distributorship and any other monetary damages can be determined from Defendant's accounting records, which both parties anticipate using at trial.  Therefore, evidence regarding products from the freezer should not be mentioned for any reason.

4.      Permitting evidence regarding Defendant's obsolete procedures related to the freezing of limited products delivered to restaurants would violate Federal Rules of Evidence 402 and 403.[1]  Introduction of evidence regarding the freezer would violate Fed.R.Evid. 402 because the issue is no longer relevant as the limited practice caused no harm to the Plaintiff, and Plaintiff's claims regarding such limited practice have been dismissed.

5.      Introduction of such evidence would violate Fed.R.Evid. 403 as it would serve only to unfairly prejudice the Defendant, confuse the issues before the jury, and waste time. More specifically, allowing admission of this evidence would serve to divert the jury's attention away from the issue left before the Court, namely Plaintiff's performance, and would spotlight the fact that Defendant has, in the past, frozen some limited products which were delivered to restaurants.  Presentation of this evidence would open the door to an explanation as to why this was done, the type of products frozen, how the products were re-dated and delivered, etc., all of which is no longer relevant.

Jurors may also become confused as to whether the bakery products they purchase from the grocery is included in this equation and might entertain the notion that certain products were

---

[1] Defendant ceased utilizing the freezer in Montgomery in September, 2007.

Case 2:05-cv-00937-MEF-TFM    Document 81    Filed 02/15/2008    Page 4 of 6

somehow tainted or stale.  This confusion alone, could taint a verdict by stealing the juror's attention away from the issue before the Court - *whether Plaintiff breached his contract regarding performance issues.*

6.    The only remaining claim for trial is Plaintiff's claim for breach of contract related to the termination of his contract for performance issues and related accounting issues. This case is not about the quality of the products, or whether such products were frozen or not, but about Plaintiff's performance in delivering products to customers.  As such, evidence related to the products from the freezer should be excluded.

**B.    Plaintiff Should Not Be Allowed to Offer Evidence Regarding Claims Otherwise Dismissed by the Court**

7.    As noted above, Plaintiff's claim for breach of contract regarding "out of code" products has been dismissed.  Additionally, all of Plaintiff's tort claims were either voluntarily dismissed (fraud) or have been dismissed by the Court (negligence, wantonness and conversion). (Memorandum Opinion and Order, pp. 23-31.)  Plaintiff should not be allowed to attempt to revive any claim that may have been dismissed on summary judgment or to stir the passions of the jury by testifying as to every allegation or incident during his tenure as an independent distributor with Flowers that he thought was unfair. The purported evidence should be excluded as irrelevant under Fed.R.Evid. 401-02. See, e.g., Washington v. Orleans Parish School Bd., 2002 U.S. Dist. LEXIS 10085 (E.D. La. May 24, 2002)("Defendant moves the Court to exclude any testimony, exhibits, attorney statements or questions during voir dire and trial regarding any claims initially brought in this suit that have been dismissed by the Court. The Court hereby GRANTS Defendant's motion to the extent that Plaintiff is precluded from introducing any

evidence that relates solely to a claim previously dismissed, as any such evidence is irrelevant to the remaining ADA and whistle-blower claims.").

Even if there was any relevance to this evidence, it should be excluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that this Honorable Court GRANT this Motion in Limine and exclude any evidence regarding the freezer or products therefrom and any evidence related to claims already dismissed.

/s/ Sandra B. Reiss
Sandra B. Reiss
Alabama Bar No. ASB-3650-s80s
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
(205) 328-1900
(205) 328-6000 Fax

and

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

Counsel for Defendant, Flowers Baking Co. of Opelika, LLC

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2008, I electronically filed the foregoing *Motion in Limine* with the Clerk of the Court using the CM/ECF system which will send notification of such filing attaching thereto a full and complete copy of the same to:

The Law Offices of
Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Dan W. Taliaferro
Attorney at Law
6987 Halcyon Park Drive
Montgomery, AL  36117


/s/ Sandra B. Reiss
Sandra B. Reiss